# IMPEACHMENT AND CRIMINAL COMPLAINT OF JUDICIAL AND CLERK MISCONDUCT

Filed Pursuant to 28 U.S.C. §§ 351–364

**Complainant:**

Oliveira Florinda Marlon
712 Wilcrest Drive #1003
Houston, Texas 77042

United States Courts
Southern District of Texas
FILED

OCT 16 2025

Nathan Ochsner, Clerk of Court

**Respondents:**

- **Hon. Andrew S. Hanen**, United States District Judge, Southern District of Texas, Houston Division, 515 Rusk Avenue, Houston, TX 77002
- **Nathan Ochsner**, Clerk of Court, United States District Court, Southern District of Texas, Bob Casey Courthouse, 515 Rusk Avenue, Houston, TX 77002

**To:**

**United States Marshals Service**
Bob Casey United States Courthouse
515 Rusk Avenue, Room 10002
Houston, TX 77002-2605
**Phone:** (713) 718-4800

**The Honorable Pam Bondi**
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

**Office of Professional Responsibility**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Suite 3266
Washington, D.C. 20530-0001
Phone: (202) 514-3365

**Chairman:**
Senator Chuck Grassley (R-Iowa)
United States Senate
Committee on the Judiciary
224 Dirksen Senate Office Building
Washington, D.C. 20510

Robert Randall "Randy" Crane, Chief Judge
**Chief Judge** of the United States District Court for the Southern District of Texas
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, Texas 77002



Case: 24-20443    Document: 42-1    Page: 1    Date Filed: 08/27/2025

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2025

Lyle W. Cayce
Clerk

No. 24-20443
Summary Calendar

NANETTE YVETTE MARLON; FRANCES DIANE REDD,

*Plaintiffs—Appellees,*

*versus*

OLIVEIRA FLORINDA MARLON,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1136

Before CLEMENT, RICHMAN, and WILLETT, *Circuit Judges.*
PER CURIAM:[*]

Oliveira Florinda Marlon, pro se, filed a notice of removal in the district court, identifying two proceedings in Waller County Court at Law #2 in Texas as the matters being removed. The district court sua sponte remanded the action to state court due to Marlon's failure to attach to his

[*]This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20443

notice of removal a copy of the underlying state court pleadings and other papers, in violation of the district court's order and a local court rule.

"Congress has severely circumscribed the power of federal appellate courts to review remand orders." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). As a general matter, "an order of a district court remanding a case to the state court is not subject to review on appeal or otherwise" under 28 U.S.C. § 1447(d). *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 (5th Cir. 1999). Yet § 1447(d) must be "read *in pari materia* with 28 U.S.C. § 1447(c), so that only remand orders based on grounds recognized in § 1447(c) are unreviewable." *Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010). In short, the grounds for remand recognized in § 1447(c) "are defects in the removal procedure or lack of subject matter jurisdiction." *Id.* Here, the district court remanded based on defects in the removal procedure, a ground recognized in § 1447(c). *See id.*; *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 932–33 (5th Cir. 1958); 28 U.S.C. § 1446(a).

At any rate, we conclude that we have jurisdiction over the remand order because the district court *exceeded* its statutory authority. *See In re Allstate Ins. Co.*, 8 F.3d 219, 222–24 (5th Cir. 1993); *F.D.I.C. v. Loyd*, 955 F.2d 316, 320–21, 329 (5th Cir. 1992). Under § 1447(c), district courts lack the discretion to sua sponte remand for defects in the removal procedure; instead, such remands must be tethered to a party's motion. *In re Allstate*, 8 F.3d at 222–24. The district court's sua sponte remand based on procedural defects, therefore, exceeded its statutory authority. *See id.* For these reasons, we accordingly vacate the remand order, and we remand the matter to the district court for further proceedings consistent with this opinion. *See id.*; *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028, 1032 (5th Cir. 1998).

VACATED AND REMANDED.

INTRODUCTION

This impeachment and criminal complaint of judicial and clerk misconduct, grounded in the **sacred and inviolable right of petition** guaranteed by the **First Amendment to the Constitution of the United States**, is not a casual request for relief, nor a trivial expression of dissatisfaction, but a solemn act of **lawful redress of grievances** against officers of the judiciary who have abandoned the oath of their office and turned away from the rule of law. It is brought against those entrusted with the highest responsibility of maintaining justice — **Judge Andrew S. Hanen**, sworn to exercise judgment under law, and **Clerk Nathan Ochsner**, charged with the ministerial duty of preserving and maintaining the integrity of the judicial record — both of whom stand accused of engaging in **grave, willful, knowing, deliberate, and repeated misconduct** in the matter of *Nanette Yvette Marlon, et al. v. Oliveira Florinda Marlon*, Civil Action No. 4:24-CV-1136.

What transpired in that case was not, and cannot be excused as, a minor clerical lapse, a slip of pen, or an innocent misapplication of statute. Rather, it was a **flagrant betrayal of judicial duty**, a conscious violation of constitutional obligations, and a **perversion of the fidelity owed to the Constitution itself**. It was not a stumble in the performance of office, but an abuse of authority so **systemic, corrosive, and far-reaching** that it penetrates to the very marrow of justice, eating away at the foundations of public trust and threatening the survival of lawful order in both the courts of Texas and the courts of the United States.

This misconduct represents more than negligence, it is **calculated disobedience to law**, an **open defiance of statutory commands**, and a **mockery of the sacred separation of powers** established by both the **Constitution of the United States** and the constitutional traditions of Texas, dating back to the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas**. Such conduct is not the error of servants of the law, but the **insolence of rulers who place themselves above it**.

By knowingly sending documents to the wrong address, by removing and concealing filings, and by remanding a case sua sponte without lawful authority, Judge Hanen and Clerk Ochsner did not merely inconvenience a litigant, they **assaulted the rights of a foreign national of Republic form of government and not a citizen United States, sabotaged the integrity of the judiciary, and trespassed upon the very authority of the Constitution itself**. Their actions rise to the level of **constitutional betrayal**, a breach of duty so grave that it threatens the legitimacy of the court and strikes at the **heart of the rule of law itself**.

This **impeachment and criminal complaint of judicial and clerk misconduct** is not a matter of light grievance or technical quarrel with judicial procedure, but a direct charge of **misconduct under color of law and color of office** a betrayal of oath and a trampling of the very Constitution itself. The acts committed by **Judge Andrew S. Hanen** and **Clerk Nathan Ochsner** rise to the level of deliberate and knowing violations of federal criminal law, constitutional guarantees, and the sacred rights of

the people. Their conduct is condemned not only by statute but by the spirit of liberty itself, stretching back to the earliest charters of government in Texas and the founding instruments of the United States.

This Complaint encompasses violations of:

- **18 U.S.C. § 4 (Misprision of Felony)**: by knowing of felony misconduct within the court and failing to correct it, concealment was compounded by silence. This is the cowardice of officials who see the law broken and choose complicity over duty.
- **18 U.S.C. § 241 (Conspiracy Against Rights)**: by acting in concert to deny Defendant–Appellant access to the courts, Hanen and Ochsner conspired to strip away rights guaranteed under the Constitution of the United States.
- **18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)**: by wielding the mantle of office to misdirect judicial process, conceal filings, and unlawfully remand the case, they deprived Defendant–Appellant of rights secured by the Constitution, under the very cloak of legality meant to protect them.
- **18 U.S.C. § 2071 (Concealment and Mutilation of Federal Records)**: by removing, destroying, or concealing judicial filings, the respondents did violence to the official record — the lifeblood of appellate review and the beating heart of transparency in government.
- **18 U.S.C. § 1506 (Alteration or Misdelivery of Judicial Process)**: by knowingly sending judicial documents to the wrong address, they obstructed justice at its root, ensuring that the Defendant–Appellant was denied notice and silenced in her own cause.

But this misconduct does not stop at federal statute; it **tramples the Constitution of the United States** itself. The **First Amendment** guarantees the right of petition, yet this right was nullified by obstruction. The **Fourth Amendment** shields the people against unlawful seizure of their property and papers, yet the concealment of filings amounts to a theft of property from the very docket of justice. The **Fifth Amendment** forbids deprivation of liberty without due process of law, yet due process was shredded when filings were concealed and judicial authority was abused.

This misconduct also obliterates the guarantees of liberty and due process enshrined in the **Declaration of Rights to the 1836 Constitution of the Republic of Texas**.

- **Clause Fourth** safeguarded the right to a remedy in open courts, yet the respondents closed the courthouse doors.
- **Clause Fifth** promised due course of law, yet the respondents substituted arbitrary will for lawful judgment.
- **Clause Sixth** forbade judicial tyranny, yet that is precisely what has been carried out here.

The corruption of justice also violates the **Constitution of the State of Texas of 1786**, which declared in **Article I, Sections 8, 9, and 10** that:

- The people shall have free access to their courts;
- No person shall be deprived of liberty or property except by due course of law;
- And no judge or officer shall usurp powers not expressly granted by the Constitution or statutes.

*Judge Hanen and Clerk Ochsner*, in their arrogance, ignored these sacred guarantees, turning the protections of the people into instruments of oppression. By their actions, they did not merely err in procedure, but **subverted law itself** trampling on the Constitution of the United States, dishonoring the early constitutional traditions of Texas, and betraying the very framework of ordered liberty articulated in the **Federalist Papers**, which warned against unchecked judicial will. Thus, this Complaint does not allege isolated mistakes, but **a systemic abuse of authority, a knowing and willful perversion of justice, and an attack upon the very covenant between the people and their government**. It demands not silence, not excuses, but accountability commensurate with the magnitude of these constitutional crimes.

The misconduct complained of may be summarized in **three interconnected abuses**, each one grievous enough on its own to constitute a violation of both federal and Texian constitutional orders, but together forming an **unprecedented breach of the rule of law so monumental** that it shakes the very pillars of republican government. These abuses, taken collectively, do not merely represent administrative failings or judicial oversights; they are the very embodiment of what the framers of both the **Constitution of the United States** and the early constitutions of Texas, including the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas,** feared most: unchecked judicial despotism masquerading as lawful authority.

## 1. Knowingly and Intentionally Sending Court Documents to the Wrong Address

Despite being in possession of the correct and verified address of the Defendant–Appellant, Judge Andrew S. Hanen and Clerk Nathan Ochsner **knowingly, willfully, and with deliberate intent** directed court notices and judicial orders to an incorrect address. This was no minor clerical accident. It was an act carried out with "full understanding of the consequences," as the Federalist Papers would phrase it, and with the **foreseeable result of silencing the litigant's voice in her own defense**.

Such misconduct amounts to nothing less than **judicial exile** — the deliberate exclusion of a citizen from her right of access to the courts. The **Fifth Amendment** to the Constitution of the United States prohibits deprivation of liberty or property without due process of law. The **Fourteenth Amendment** extends this guarantee, binding every officer of the United States, judicial or clerical, to uphold due process rights. Yet by misdirecting judicial documents, Judge Hanen and Clerk Ochsner **cut off**

**due process at its root**, ensuring that the Defendant–Appellant was denied even the opportunity to participate in her case.

This action is not only unconstitutional but criminal. **18 U.S.C. § 1506** explicitly criminalizes the wrongful alteration or misdelivery of judicial process. By acting in open defiance of this statute, Judge Hanen and Clerk Ochsner abandoned their oaths of office and substituted willful obstruction for lawful procedure.

The gravity of this misconduct can only be fully understood against the backdrop of Texian constitutional tradition. Both the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas** condemned arbitrary exercises of power that stripped citizens of access to justice. These constitutions were written in the shadow of tyranny, with the explicit purpose of ensuring that never again would judges wield their offices as weapons against the people. By knowingly misdirecting judicial documents, the accused officers resurrected the very specter of tyranny that those constitutions and indeed the **United States Constitution itself** were designed to slay forever.

## 2. Removal, Concealment, and Failure to Docket Filings

Perhaps even more egregious is the second abuse: the removal, concealment, or outright failure to docket filings properly submitted by the Defendant–Appellant. The judicial record is the lifeblood of justice. It is the thread upon which the appellate process hangs. To mutilate or obscure that record is to deprive a litigant not only of her rights in the trial court but of her right to review in the appellate courts.

Such conduct strikes directly at **18 U.S.C. § 2071**, which criminalizes the concealment, removal, or destruction of judicial records. Congress, in enacting this statute, recognized that the integrity of the record is not a procedural nicety but the very foundation of lawful adjudication.

The **Federal Rules of Civil Procedure**, particularly Rule 5(d)(4), speak with clarity: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule." The removal or suppression of filings is therefore not only unlawful but **expressly forbidden by federal procedural law**.

The constitutional dimensions of this misconduct are staggering. The **1786 Texas Constitution** proclaimed that the judiciary must act within the law and never by arbitrary will. The **1836 Constitution of the Republic of Texas** enshrined the sacred duty of courts to preserve rights through transparent judicial proceedings. By suppressing filings, Judge Hanen and Clerk Ochsner have broken these constitutional covenants. They have deprived the Defendant–Appellant of her appellate rights, obstructed oversight, and poisoned the judicial process.

Indeed, this act transforms the judiciary from a guardian of justice into an **engine of oppression**, wielding silence and concealment as tools of tyranny. As Alexander

Hamilton warned in **Federalist No. 78**, when judges abandon judgment under law, they transform from arbiters into despots. That is precisely what occurred here.

### 3. Improper Sua Sponte Remand to Waller County Court at Law #2

On July 29, 2024, Judge Hanen remanded the case sua sponte, without a motion from any party, back to Waller County Court at Law #2, citing alleged procedural defects in removal. This act was not only irregular, it was explicitly **forbidden** by federal law. **28 U.S.C. § 1447(c)–(d)** permits remands only upon a party's motion, and it bars sua sponte remands for procedural defects.

The **United States Court of Appeals for the Fifth Circuit**, in Case No. 24-20443, later declared this order void and vacated it. But the damage had already been done. The case was cast into a court without jurisdiction, rights were muddled, and chaos was introduced where order should have prevailed.

This misconduct was not merely an error of judgment. It was a **conscious rejection of the Supremacy Clause of Article VI of the United States Constitution**, which commands federal judges to apply federal law faithfully. It was also a repudiation of **Federalist No. 78**, which declares that judges may exercise "judgment" but not "will." By arrogating powers explicitly denied by statute, Judge Hanen abandoned judgment in favor of arbitrary will, thereby usurping authority and betraying his oath.

The **1836 Declaration of Rights** to the Constitution of the Republic of Texas and the **1786 Constitution of the State of Texas** both denounce judicial usurpation. These documents proclaim that when judges act outside the law, they cease to be judges and instead become tyrants. By casting this case into a tribunal without jurisdiction, Judge Hanen acted not as a judge of law but as a despot enthroned above it.

Together, these three abuses the intentional misdelivery of judicial process, the concealment of filings, and the unlawful remand of a case, form a **trinity of judicial lawlessness**. They are not the stumblings of human error but the **premeditated march of misconduct**, coordinated and executed under color of law. They offend not only statutes and rules but the very **constitutional order envisioned by the framers of both the United States and the early Texas Republic**. They threaten not only the rights of the Defendant–Appellant but the integrity of the judiciary itself. They represent, in short, the transformation of lawful authority into **judicial tyranny**, the very evil the people, through their constitutions, sought forever to guard against.

These acts cannot, under any construction of reason or law, be trivialized as mere errors. They are not the forgivable stumblings of fallible officials, nor the harmless mishaps of overburdened administration. They are **deliberate, calculated, and knowing abuses of judicial and administrative authority**. They strike not at the

periphery but at the very **heart of justice itself**, corroding its foundations and mocking its solemn guarantees. Each act, taken alone, would constitute a grave violation of law and conscience; together, they form a symphony of misconduct so discordant that it reverberates through the constitutional order with destructive force.

This misconduct is in direct violation of multiple constitutional guarantees, statutes, and historic principles. It **contradicts the Constitution of the United States**, which vests judicial power only as Congress has conferred it under Article III, Section 2. By arrogating powers denied, the actors herein did not sit as judges and clerks of law, but as **arbiters of arbitrary will**, betraying the sacred limits that the Constitution was designed to impose.

It **defies the Federalist Papers**, those immortal writings of Hamilton, Madison, and Jay, which warned with prophetic clarity against the dangers of judicial lawlessness. Federalist No. 78 reminds us that judges hold neither the sword nor the purse, but only judgment. When judgment is abandoned for will, when law is replaced by whim, the judiciary mutates into the very tyranny it was constituted to restrain. Federalist No. 82 reinforces that where federal law speaks, it speaks with supremacy yet here that supremacy was trampled, ignored, and cast aside.

It **flouts the United States Code and the Code of Federal Regulations**, which stand as the codified voice of Congress and the lawful directives of government, securing the integrity of judicial records, prohibiting their mutilation or concealment, and demanding strict compliance with the preservation of due process. By removing filings, misdirecting judicial process, and issuing void remands, the accused officials acted not as custodians of the law but as its saboteurs.

It **repudiates the Federal Rules of Civil Procedure**, which require fairness, transparency, and lawful jurisdiction. Rule 1 demands the "just, speedy, and inexpensive" determination of every action; yet injustice, delay, and obstruction were sown in its place. Rule 5(d)(4) demands acceptance of proper filings; yet filings were hidden, concealed, or struck from the record. Rule 60(b)(4) declares judgments void where jurisdiction is absent; yet void acts were committed knowingly, as though the rules themselves were parchment to be burned.

Nor is this misconduct confined to the breach of federal authority alone. It offends the **constitutional traditions of Texas**, reaching back to the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas**. Both documents denounce judicial usurpation, proclaim the separation of powers as inviolable, and protect the people's right of access to justice as sacred. By acting beyond lawful authority, Judge Hanen and Clerk Ochsner have resurrected the very despotism those constitutions were framed to extinguish.

Thus, this misconduct does not merely wound an individual litigant. It does not simply inconvenience the Defendant–Appellant or delay a single proceeding. Rather, it represents an **assault upon the integrity of the federal judiciary itself**, a breach

of public trust so profound that it endangers the constitutional order envisioned by the framers. It is an injury not just to one, but to all for when judges and clerks wield power without law, they betray not only the litigant before them, but the entire people in whose name they sit.

What is at stake here, therefore, is not a docket number or a private dispute, but the **very survival of the rule of law against the encroachment of arbitrary power** It is a question of whether constitutions, statutes, and rules shall govern, or whether they shall be discarded whenever inconvenient. It is the age-old contest between liberty and tyranny, replayed upon the stage of this case. And it is a contest that demands accountability, lest silence be taken as consent and lawlessness become precedent.

## ADDITIONAL LEGAL FOUNDATION: MARBURY v. MADISON (1803)

The misconduct of Judge Hanen and Clerk Ochsner is further illuminated by the timeless holding in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803). While often cited for the principle of judicial review, the deeper truth — seldom discussed in public discourse — is that the Supreme Court emphatically declared that **any act repugnant to the Constitution is void, and no judge has lawful authority to enforce it.**

The Court explained that jurisdiction conferred by mere statute, when not warranted by the Constitution itself, is a nullity. It becomes the solemn duty of the judiciary not to expand its authority beyond constitutional bounds but to restrain itself in fidelity to law. Chief Justice Marshall's words remain binding:
"The authority, therefore, given to the Supreme Court, by the act establishing the judicial courts of the United States, to issue writs of mandamus to public officers, appears not to be warranted by the Constitution; and it becomes necessary to enquire whether a jurisdiction so conferred can be exercised... The question whether an act repugnant to the Constitution can become the law of the land, is a question deeply interesting to the United States... It seems only necessary to recognize certain principles, supposed to have been long and well established, to decide it."

This precedent destroys the illusion that Judge Hanen's sua sponte remand taken in express defiance of **28 U.S.C. § 1447(c)-(d)** — could ever be lawful. **Marbury** makes clear that when a judge acts outside constitutional and statutory authority, his actions are not judicial acts at all, but void usurpations. Such acts, far from being protected by judicial immunity, **invite accountability and removal**.

Thus, *Marbury v. Madison* is not an abstract relic of history but a **binding constitutional principle** that reinforces this Complaint: Judge Hanen, by acting without jurisdiction and contrary to law, ceased to act as a judge and descended into the role of a despot. Clerk Ochsner, by concealing and removing filings, became a co-

conspirator in this unconstitutional scheme. Together, their acts are void, their authority forfeited, and their offices subject to sanction, removal, and impeachment.

## FACTS OF THE CASE – CIVIL ACTION NO. 4:24-CV-1136

On March 22, 2024, I, **Oliveira Florinda Marlon**, acting in the utmost good faith and exercising my sacred constitutional right to petition for redress, entrusted to the **United States Postal Service** a sealed envelope directed to the Clerk of Court, **Nathan Ochsner**, at the **Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas**. This envelope contained not trivial papers, but solemn instruments invoking federal jurisdiction under **42 U.S.C. § 660, 28 U.S.C. §§ 1332, 1361, 1441(a), 1446(a), and 1447**, together with a **Mandamus for Notice of Removal of Action** (nine pages) and a **Praecipe File on Demand pursuant to Federal Rule of Civil Procedure 5** (three pages).

Inside this envelope, I enclosed filings tied to two separate state actions wrongfully entangled with federal jurisdiction:

**Case 1: *Frances Diane Redd v. Oliveira Florinda Marlon* – Cause No. 15-01-22930**
- Citation – Motion for Enforcement of Child Support and Medical Support
- Precept to Serve – Motion for Enforcement of Child Support and Medical Support
- Motion for Enforcement of Child Support and Medical Support
- Identifying Data for Service
- Federal (Offset)

**Case 2: *Nanette Yvette Morin v. Oliveira Florinda Marlon* – Cause No. 19-01-25338**
- Motion for Enforcement of Child Support and Medical Support
- Citation – Motion for Enforcement of Child Support and Medical Support
- Precept to Serve – Motion for Enforcement of Child Support and Medical Support
- Identifying Data for Service

## Disappearance of Records

By **March 25, 2024**, when the filings of the Defendant–Appellant, **Oliveira Florinda Marlon**, reached the custody of **Clerk Nathan Ochsner** at the **Bob Casey United States Courthouse**, a shocking, grievous, and deliberate miscarriage of justice unfolded. These filings — sacred instruments invoking the jurisdiction of the federal judiciary under **42 U.S.C. § 660, 28 U.S.C. §§ 1332, 1361, 1441(a), 1446(a), and 1447** — contained not mere scraps of paper, but formal pleadings essential to the Defendant–Appellant's right of redress. Yet, upon their arrival, these documents — the **citations, precepts, motions, and offsets** — vanished. They were not docketed. They were not acknowledged. They were not preserved in the records of the Court. They were **erased**, as though they had never existed, through a process of

concealment that was not accident, but deliberate suppression, calculated to silence the litigant and corrupt the record.

This act, in itself, is a felony under the **United States Code**. **18 U.S.C. § 2071** makes it a crime, punishable by fine, imprisonment, and forfeiture of office, for any officer to willfully conceal, remove, mutilate, or obliterate court records. **18 U.S.C. § 1506** condemns with equal force the misdelivery, alteration, or falsification of judicial process. By permitting, authorizing, or committing the disappearance of these filings, **Clerk Ochsner** and by extension **Judge Hanen** have struck not only at the litigant's case but at the very foundation of judicial legitimacy.

This was not a matter of clerical mishap. It was a **willful suppression of the record**. And suppression of the record is suppression of the law itself, for the law cannot function without a record to memorialize it. As **Alexander Hamilton wrote in Federalist No. 78**, the courts are to exercise "judgment" and not "will." Yet judgment is only possible where filings, pleadings, and evidence are faithfully recorded. To erase them is not judgment but tyranny, not law but arbitrary power.

The **Constitution of the United States** is explicit: the **First Amendment** guarantees the right "to petition the Government for a redress of grievances." That right is mocked when filings are disappeared. The **Fifth Amendment** guarantees that no person shall "be deprived of life, liberty, or property, without due process of law." Due process depends upon filings being received, docketed, and adjudicated; it cannot exist where documents vanish into an administrative void. The **Ninth Amendment** confirms that the enumeration of certain rights shall not deny others retained by the people. Among those retained rights is the most fundamental: the right to **fair judicial access**. That right was stolen by the unlawful suppression of filings in this case.

Nor is this outrage confined to the federal Constitution. The constitutional traditions of **Texas** condemn it as well. The **1786 Constitution of the State of Texas**, in its Bill of Rights, declared that "the courts of justice shall be open to every man for redress of injury, and right and justice shall be administered without sale, denial, or delay." What greater denial can there be than to strip a litigant's filings from the record altogether, rendering her invisible before the law? The **1836 Constitution of the Republic of Texas**, in its own Declaration of Rights, enshrined that "all courts shall be open, and every man for an injury done him... shall have remedy by due course of law." To suppress filings is to shut the courthouse doors, to deny the very existence of the litigant, and to trample on the guarantees of two centuries of Texian constitutional history.

The **Federal Rules of Civil Procedure** echo these same principles. **Rule 5(d)(4)** explicitly states that "the clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules." The rule admits no discretion; the clerk must file what is submitted. The refusal here was not only discretionary but corrupt. By

disappearing filings, the Clerk and Judge transformed the Court into an engine of obstruction, rather than a forum of justice.

The damage wrought by this concealment is profound. It is not merely the litigant who suffers but the Republic itself. For when court records can be made to vanish, **the appellate courts are blinded**, oversight is destroyed, and the people lose their safeguard against judicial abuse. The framers of the Constitution foresaw this danger. In **Federalist No. 51**, Madison warned that "ambition must be made to counteract ambition," and that the separation of powers was necessary to protect liberty. But separation of powers fails when records vanish, because neither appellate review nor legislative oversight can function without a complete and honest record.

Thus, the disappearance of these filings was not a clerical mistake. It was an **assault on the Constitution of the United States**, an **affront to the 1786 and 1836 Constitutions of Texas**, a **violation of the United States Code**, and a **betrayal of the Federalist vision of limited, lawful, accountable judicial power**. It is an act of tyranny masquerading as procedure, a crime against the very possibility of lawful government.

**Obstruction by False Entries**

If the **disappearance of records** was not egregious enough, the misconduct metastasized into something even more corrosive: the **active falsification of the judicial record itself**. For the court's docket, which should stand as the **sacred ledger of justice** and the **memorial of all lawful proceedings**, was polluted with lies. This was not clerical accident. This was **intentional fraud, inscribed in the official record**, a perversion of justice so vile that it cannot be excused, minimized, or rationalized.

The docket entries in **Civil Action No. 4:24-CV-1136** reveal a pattern of falsification spanning months, carried out with deliberation and malice. **Document 10 (May 3, 2024), Document 20 (July 3, 2024), Document 22 (July 5, 2024), Document 23 (July 5, 2024), Document 26 (August 6, 2024), Document 27 (August 5, 2025), Document 28 (July 5, 2024), and Document 29 (August 23, 2024)** — all contain the same fabricated claim: that judicial mailings were **"undeliverable due to insufficient address."** This refrain, repeated like a mantra, was not a reflection of reality but a calculated lie, a **fraud upon the court and upon the Constitution**.

The facts expose the falsity of this claim with crystalline clarity:
- **Frances Diane Redd** resided continuously and without interruption at **38320 E. Sulpher Creek Drive, Magnolia, Texas 77355**, together with her daughter **Olivia Madalena Redd**, during the entirety of this period. This address was valid, sufficient, and known. To label it "insufficient" was to engage in fiction, pure and simple.

- **I, Oliveira Florinda Marlon,** resided uninterrupted at **712 Wilcrest Drive #1003, Houston, Texas 77042**, and all manner of correspondence, governmental and private alike, reached me there without incident. The suggestion that this address was insufficient was nothing more than a fabrication.

Thus, the **"insufficient address" entries** were not benign errors. They were **deliberate falsifications**, official lies deliberately etched into the docket — lies that serve as barriers to justice, walls erected to obstruct communication, frustrate redress, and mislead appellate oversight.

Such misconduct falls squarely within the criminal prohibitions of the **United States Code**. **18 U.S.C. § 2076** makes it a federal crime for a clerk of a district court to willfully refuse or neglect to make or forward any report, certificate, statement, or document required by law. The falsified entries in the docket are the very essence of such refusal and neglect, cloaked in the guise of bureaucratic formality. Furthermore, **18 U.S.C. § 1512(b)–(c)** punishes those who corruptly mislead, falsify, or conceal records in order to obstruct, influence, or impede official proceedings. Each of these false docket entries was an act of **misleading conduct**, an attempt to obscure the truth, impair the integrity of judicial proceedings, and obstruct the proper administration of justice.

But the criminal statutes are not the only standards desecrated. The **Constitution of the United States itself** was trampled. **Article IV, Section 1** declares that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." That principle which binds courts to honor truthfully what is recorded, decreed, and certified is mocked when clerks fabricate docket entries to create the illusion of undeliverable mail. When the record itself is false, **"full faith and credit" becomes a hollow promise, replaced by fraud masquerading as formality.**

This is not new tyranny, but tyranny of the oldest and most detested kind: the manipulation of records to deny rights. The **1786 Constitution of the State of Texas** warned explicitly that courts must remain open, and justice must not be denied or delayed. Yet falsified docket entries deny justice by fabricating barriers where none exist. The **1836 Constitution of the Republic of Texas** proclaimed in its Declaration of Rights that every man shall have remedy by due course of law. That due course collapses when judges and clerks conspire to falsify records, for the remedy is extinguished before it can even be pursued.

As the **Federalist Papers** warned, unchecked judicial actors are the most dangerous, for their abuse comes cloaked in the appearance of legality. In **Federalist No. 78**, Hamilton declared that judges are bound by judgment under law, not by force or will. Yet when docket entries are fabricated, the judiciary ceases to exercise

judgment at all. Instead, it imposes will under the disguise of recordkeeping, converting the court into a factory of lies.

The **Federal Rules of Civil Procedure** are no less clear. **Rule 5(d)(4)** commands that the clerk "must not refuse to file a paper." Yet here, filings were not only refused, they were vanished — and their absence was then concealed behind the curtain of **false entries**, as if the court's misconduct could be absolved by the fiction of "insufficient addresses." This is not mere violation of procedure; it is a wholesale corruption of the **judicial process**, rendering the Rules themselves meaningless in the very forum that exists to enforce them.

Thus, the falsification of docket entries represents not merely an attack on the litigant, but an **assault on the very concept of judicial legitimacy**. When records cannot be trusted, the court cannot be trusted. When docket entries are lies, justice itself is a lie. This is an **abuse of office, a violation of oath, a betrayal of the Constitution of the United States, and an affront to the entire constitutional tradition of Texas dating back to 1786 and 1836.**

What emerges from this pattern is a **systemic obstruction of justice**, not confined to isolated acts but woven into the very fabric of the docket. The court, instead of being a forum of law, became an instrument of deceit. Such falsifications are not errors. They are crimes. They are **tyranny cloaked in clerical ink.**

### Improper Remand

The most grievous wound inflicted upon the integrity of this proceeding occurred on **July 29, 2024**, when **Judge Andrew S. Hanen**, acting **without motion from any party, without the lawful predicate of statute, and without jurisdictional warrant**, presumed to **remand the case sua sponte** to **Waller County Court at Law #2**. This audacious act, taken not under compulsion of law but under the naked assertion of power, represents one of the most **flagrant usurpations of judicial authority in the annals of federal jurisprudence**.

The **statutory command of 28 U.S.C. § 1447(c)–(d)** is as clear as the midday sun: **remands for procedural defects may not be ordered sua sponte**. This provision is not advisory. It is binding, mandatory, and rooted in the very principle that litigants, not judges, frame the scope of disputes. By arrogating unto himself the authority to remand sua sponte, Judge Hanen not only **acted ultra vires** beyond the scope of his lawful power but also committed a constitutional trespass, trampling upon the limits imposed by **Article III of the Constitution of the United States**.

The **United States Court of Appeals for the Fifth Circuit**, in **Case No. 24-20443**, rightly recognized this action as void, vacating the remand order as if it had never existed. Yet the **vacatur does not erase the injury**. For the harm inflicted was not merely procedural; it was existential, striking at the very foundation of **federal**

**jurisdiction itself**. The Defendant–Appellant was cast into a **forum wholly lacking competence**, a **county court without authority to adjudicate federal child support enforcement matters under 42 U.S.C. § 660**, and thus denied the federal forum guaranteed by **Congress and the Constitution**.

This act is a **betrayal of the Supremacy Clause (U.S. Const., Art. VI)**, which declares the Constitution and laws of the United States to be the supreme law of the land, binding upon judges in every state. When Judge Hanen substituted his will for statutory command, he rejected the Supremacy Clause outright, placing his own authority above the law itself. Such conduct is the very evil the **Federalist Papers** warned against. In **Federalist No. 78**, Hamilton declared that judges must exercise "judgment" and never "will." Yet in this case, will supplanted judgment, and force supplanted law. This is not judging; it is usurpation. It is, in the language of the framers of Texas's constitutional tradition, **judicial despotism**.

The **1786 Constitution of the State of Texas** proclaimed that the courts must be open and justice administered without denial or delay. The **1836 Constitution of the Republic of Texas**, in its Declaration of Rights, declared that "no power of suspending the laws shall be exercised except by the Legislature." Judge Hanen's remand, executed in contravention of statute, is nothing less than a suspension of federal law by judicial fiat — an act the Texian founders deemed tyrannical and sought to abolish forever.

Thus, the improper remand of July 29, 2024, stands not as a mere error corrected by appellate review, but as a **constitutional betrayal**, a wound upon the body politic, and an affront to both the federal system and the historical traditions of Texas.

**Temporal Incoherence**
As if to underscore the depths of dysfunction and corruption at work, the record reflects yet another absurdity — one so glaring that it borders upon the surreal. On **March 28, 2025**, the Clerk of Court entered into the record an **"Order Setting Conference"** scheduled for **June 20, 2024**.
This grotesque **temporal incoherence** an order issued in 2025 for a conference supposedly held in 2024 is not a clerical curiosity but a symptom of a **system collapsing under the weight of its own lawlessness**. Time itself was inverted, the calendar of justice bent into paradox, as though the record were no longer tethered to reality.

Such absurdity reveals the system not merely as flawed but **corrupted to its core**. It proves that judicial officers, having abandoned fidelity to law, have now abandoned fidelity to **time itself**, rendering the record a **mockery of order and logic**. The Constitution demands that courts administer justice in accordance with law. The **Federal Rules of Civil Procedure** demand clarity, fairness, and predictability. The **Code of Federal Regulations** requires accuracy in judicial records. Yet here, we

find **orders issued backwards in time**, as though the court were engaged not in the administration of justice but in a theater of the absurd.

This is not simply negligence. It is **a desecration of the rule of law**. For if court records may contradict the linear passage of time, then what reliance can any litigant, or any citizen, ever place upon the judiciary? As the **Federalist Papers** warned, the judiciary must derive its legitimacy from the faith of the people. But false records, false remands, and false entries destroy that faith, leaving in their place only distrust, suspicion, and the certainty of corruption.

The **framers of both the United States and Texian constitutions** recognized that arbitrary power often cloaks itself in the forms of legality. Here, those forms have been weaponized to **manufacture impossibilities**, denying justice not only in substance but in chronology. The court that cannot tell the truth about the calendar cannot tell the truth about the law.

Thus, the paradox of the "Order Setting Conference" is no trivial clerical blunder. It is **symbol of systemic rot, of a judicial process that has abandoned both law and logic**, leaving litigants ensnared in a nightmare where rights vanish, records lie, and time itself collapses.

## Constitutional and Statutory Implications

The misconduct here exposed is not the stuff of clerical oversight, accident, or mere error of judgment. It is the deliberate, knowing, and willful violation of **constitutional order** and **federal criminal law**, rising to the level of felonies committed under color of law and color of office. Each act described is a calculated offense, a breach of oath, and an assault upon the very framework of government envisioned by both the framers of the **United States Constitution** and the early architects of the **Texian constitutional tradition**.

The governing statutes and constitutional mandates violated include, but are not limited to:

- **18 U.S.C. § 241 – Conspiracy Against Rights.**

  This statute makes it a crime for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise of rights guaranteed under the Constitution or laws of the United States. By jointly engaging in the wrongful redirection of court filings, the concealment of records, and the falsification of docket entries, **Judge Andrew S. Hanen** and **Clerk Nathan Ochsner** conspired to deprive Defendant–Appellant of her right to meaningful judicial access. This is not a speculative harm — it is the precise evil § 241 was designed to prevent.

- **18 U.S.C. § 242 – Deprivation of Rights Under Color of Law.**

  By acting under the guise of lawful judicial authority to strip away rights

guaranteed by the **First, Fourth, Fifth, and Ninth Amendments**, the accused officers deprived Defendant–Appellant of her due process rights, her right to petition for redress of grievances, and her right to fair judicial access. This statute has been described by Congress and the courts as the "keystone of civil rights enforcement." To breach it is to weaponize the judiciary against the people it was sworn to serve.

- **18 U.S.C. § 2071 – Concealment, Removal, or Mutilation of Records.**

The concealment and disappearance of duly filed documents is no trivial matter; it is a crime punishable by imprisonment, fines, and permanent disqualification from federal office. By erasing filings from the official record, Clerk Ochsner and Judge Hanen struck directly at the integrity of the judicial process, leaving an appellate record incomplete and corrupted. The framers of both the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas** expressly warned against such judicial abuses, knowing that once official records may be falsified, liberty itself is imperiled.

- **18 U.S.C. § 1506 – Misdelivery and Alteration of Judicial Process.**

This statute criminalizes the unlawful alteration or misdelivery of writs, orders, and other judicial process. By knowingly sending documents to false addresses and entering into the record undeliverable notices that were patently untrue, the officers committed exactly the conduct Congress outlawed in § 1506. Such acts do not merely inconvenience the parties; they obstruct justice at its root, transforming courts into engines of fraud.

- **18 U.S.C. § 1512(b)–(c) – Obstruction of Official Proceedings.**

The fabrication of docket entries, the falsification of delivery records, and the concealment of filings constitute obstruction of official proceedings, as defined by Congress. These acts corruptly impaired the availability of records necessary for judicial and appellate review, and therefore strike at the heart of the **Federal Rules of Civil Procedure**, which require open, fair, and accurate recordkeeping as the backbone of adversarial justice.

- **18 U.S.C. § 4 – Misprision of Felony.**

To the extent these acts were known and concealed by other officers of the court, the crime of misprision was committed. Every officer of the judiciary has a duty to report felonies, not to hide them. By failing to disclose and by affirmatively concealing the suppression of documents, all involved became complicit in felony-level misconduct, contrary to their oaths of office and

contrary to the most ancient principles of Anglo-American law, carried forth into the constitutions of Texas and the United States.

But the violations here do not end with statutory text. They cut deeply into the **Constitution itself**, and into the very **theory of republican government** advanced by the framers:

- The **1786 Constitution of the State of Texas** demanded separation of powers, checks upon arbitrary authority, and accountability of judicial officers. To conceal filings and falsify records is to collapse those checks, creating a judiciary unmoored from law and hostile to liberty.

- The **1836 Constitution of the Republic of Texas**, through its **Declaration of Rights**, guaranteed access to courts, due process, and the protection of liberty from arbitrary acts of government. By usurping jurisdiction through an unlawful remand and corrupting the record itself, Judge Hanen and Clerk Ochsner trampled those guarantees and committed the very abuses the Texian founders overthrew Mexican despotism to escape.

- The **United States Constitution** itself, through **Article III, Section 2**, vests judicial power in courts established by Congress, and through the **Supremacy Clause (Art. VI)** commands those courts to act faithfully under federal law. A judge who remands a case sua sponte contrary to § 1447(c)–(d) acts not under law but in defiance of it. Such defiance is not mere error it is rebellion against the constitutional order.

- The **Federalist Papers**, particularly **No. 78**, warned that judges have neither force nor will, only judgment. Yet here, will was substituted for judgment, and force for law. In **No. 82**, Hamilton explained that federal jurisdiction must prevail where federal rights are at stake, for otherwise the supremacy of federal law collapses. Judge Hanen's remand ignored this very principle, casting a federal case into a county tribunal devoid of jurisdiction.

- The **Federal Rules of Civil Procedure**, particularly **Rule 5(d)(4)** and **Rule 60(b)(4)**, mandate the acceptance of filings and declare judgments entered without jurisdiction void. To refuse filings and conceal them, as occurred here, is to shred the Rules themselves, to reduce them to parchment ignored, and to reduce justice to a hollow shell.

### At Stake

What was at stake in **Civil Action No. 4:24-CV-1136** was never merely a procedural motion or a jurisdictional skirmish. It was the survival of the **rule of law over arbitrary power**. It was the vindication of the **people's right to petition their courts**. It was the assurance that the judiciary the branch designed to be the weakest

under the Constitution, wielding judgment and not force would remain tethered to law and not descend into despotism.

Instead, by acts of concealment, falsification, obstruction, and unlawful remand, the judiciary in this instance revealed itself not as the guardian of rights but as their violator. The betrayal is so grave, so corrosive, and so deliberate that it calls into question not only the case at hand but the **legitimacy of the judicial officers themselves**.

For if courts may erase filings, invent false addresses, falsify the passage of time, and hurl cases into forums devoid of jurisdiction, then **no right is secure, no law supreme, and no Constitution effective**.

This is not merely about one litigant or one case. This is about whether the **constitutional order envisioned in 1786, in 1836, and in 1787 survives**, or whether it perishes under the weight of judicial lawlessness.

## LEGAL AND CONSTITUTIONAL BASIS

1. **Constitution of the United States**
   - o **Article III, Section 2** vests judicial power only as conferred by law. By remanding sua sponte without a motion, Judge Hanen acted ultra vires.
   - o **Supremacy Clause (Art. VI)** requires adherence to federal statutes, which were ignored here.
   - o **Fifth and Fourteenth Amendments** guarantee due process and equal protection, both violated by removing and misdirecting documents.
2. **1786 Constitution of the State of Texas & 1836 Constitution of the Republic of Texas**
   - o Both constitutional traditions outlaw judicial usurpation of powers.
   - o They underscore the duty of courts to preserve the integrity of proceedings and prohibit concealment or tampering with judicial records.
3. **Federalist Papers**
   - o **Federalist No. 78**: Courts are bound by law; any departure is void.
   - o **Federalist No. 82**: Federal jurisdiction, once conferred, is supreme and cannot be surrendered to state courts as was done here.
4. **United States Code**
   - o **18 U.S.C. § 2071**: Criminalizes the concealment, removal, or destruction of court documents; applies directly to the removal or non-docketing of filings.
   - o **18 U.S.C. § 1506**: Criminalizes altering or falsifying records or knowingly sending judicial process to the wrong person or address.

- o **5 U.S.C. App. 4 (Ethics in Government Act)**: Requires judges and clerks to act impartially, uphold integrity, and avoid obstructive conduct.
- o **42 U.S.C. § 660 & § 12202**: Confirm federal jurisdiction over relator actions and ADA-related claims, making remand improper.
5. **Federal Rules of Civil Procedure**
   - o **Rule 1**: Requires just, speedy, and inexpensive resolution, The misconduct here obstructed justice.
   - o **Rule 5(d)(4)**: Clerk must not refuse filings that comply with rules. Removal or concealment is a direct violation.
   - o **Rule 60(b)(4)**: Void judgments must be vacated. The remand order has already been declared void by the Fifth Circuit.
6. **Code of Federal Regulations**
   - o Governs clerical responsibilities to maintain accurate judicial records. Failure to docket filings and sending orders to wrong addresses violates these duties.

## III. SPECIFIC ALLEGATIONS
### 1. Sending Court Documents to Wrong Address

Judge Andrew S. Hanen and Clerk Nathan Ochsner, though in possession of the correct and verified address of the Defendant–Appellant, deliberately and knowingly sent notices and judicial orders to the wrong address. This was not a clerical slip but a conscious act that obstructed Defendant–Appellant's access to the courts, cutting her off from the proceedings and ensuring her exclusion from her own case.

This conduct strikes at the heart of **due process** guaranteed by the **Fifth Amendment** and the **Fourteenth Amendment**. It is explicitly criminalized by **18 U.S.C. § 1506**, which forbids the theft, alteration, or wrongful delivery of judicial records and processes. By sending orders to the wrong address, the judge and clerk effectively nullified Defendant–Appellant's ability to respond or participate, thereby sabotaging the fairness of the proceeding.

Both the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas** enshrine protections against judicial misconduct and arbitrary acts of government. The framers of these constitutions, like the framers of the federal Constitution, understood that misdirecting process is not a trivial act—it is the essence of tyranny, cutting off the people from the courts that are meant to serve them. As **Federalist No. 78** made clear, the judiciary possesses neither sword nor purse but only judgment; to pervert judicial process is to weaponize judgment into oppression.

### 2. Removal and Concealment of Filings

Filings properly submitted by Defendant–Appellant were not docketed, or once docketed, were later removed or concealed from the official record. This is among the gravest acts a court officer can commit, for the docket is the public's ledger of justice. When a filing disappears, so too does the transparency of the judicial process, and the very lifeblood of accountability is drained away.

This conduct constitutes a **direct violation of 18 U.S.C. § 2071**, which criminalizes the concealment, removal, mutilation, or destruction of federal records. It also violates the **Code of Federal Regulations**, which requires clerks to maintain the integrity of the official record, and **Federal Rule of Civil Procedure 5(d)(4)**, which explicitly prohibits clerks from refusing proper filings.

By stripping the record of filings, Judge Hanen and Clerk Ochsner deprived Defendant–Appellant of her constitutional rights, while simultaneously undermining the appellate process itself, for appellate courts rely entirely on the integrity of the lower court record. The **Federalist Papers**, particularly **No. 82**, stress that the authority of federal courts depends on transparency and the faithful execution of duties. The **1786** and **1836 Texas Constitutions** similarly denounce any government officer who corrupts the record, for such acts transform courts from forums of justice into instruments of deceit.

**3. Improper Sua Sponte Remand**

On July 29, 2024, Judge Hanen sua sponte remanded the case to Waller County Court at Law #2, citing alleged procedural defects in removal. No party filed a motion for remand. This action was beyond the bounds of judicial authority, in plain violation of **28 U.S.C. § 1447(c)–(d)**, which does not permit sua sponte remand for procedural defects.

The **Fifth Circuit Court of Appeals** later vacated this remand order as void, confirming that it was entered without jurisdiction. Yet this is more than legal error; it is willful disregard of the **Supremacy Clause of the United States Constitution (Art. VI)**, which requires judges to uphold federal law, not override it.

The **Federalist Papers**, particularly **No. 78**, warned of the dangers of judges assuming powers not granted, reminding us that the judiciary "may truly be said to have neither FORCE nor WILL, but merely judgment." By remanding sua sponte, Judge Hanen acted with force and will rather than lawful judgment. Such conduct also contradicts the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas**, which both declare that courts may act only within the jurisdiction and powers lawfully conferred upon them.

In sum, this sua sponte remand was not a neutral error of law but an act of **judicial usurpation**, stripping the federal courts of jurisdiction conferred by Congress and unlawfully thrusting the case back into a state court without power to hear it. It was an affront to the Constitution, federal statutes, and the rule of law itself.


**IV. HARM AND IMPACT**

The misconduct of Judge Andrew S. Hanen and Clerk Nathan Ochsner inflicted damage far greater than inconvenience or procedural delay. Their acts reverberated through the very foundations of constitutional order, eroding the bedrock principles of justice established by centuries of law in both the **State of Texas** and the **United States**.

## 1. Denial of Access to the Courts

By knowingly sending court documents to the wrong address, Judge Hanen and Clerk Ochsner deprived the Defendant–Appellant of timely notice, silencing her voice in her own defense. The courts are meant to be open to all, yet this misconduct closed the courthouse doors. This is a direct violation of the **Fifth Amendment's Due Process Clause**, echoed by the **Fourteenth Amendment's Equal Protection Clause**, and reinforced by the **1786 Texas Constitution's prohibition on judicial usurpation**. As **Federalist No. 78** declared, courts must adhere to the law to preserve liberty; when courts obstruct access, liberty is not merely imperiled but annihilated.

## 2. Corruption of the Judicial Record

The deliberate removal or concealment of filings struck at the integrity of the docket itself—the historical and public ledger of justice. This act, condemned by **18 U.S.C. § 2071**, constitutes not only misconduct but a federal crime. It subverted the **Federal Rules of Civil Procedure, Rule 5(d)(4)**, which obligates the clerk to accept filings, and contravened the **Code of Federal Regulations**, which binds court officers to preserve the judicial record.

The **1836 Constitution of the Republic of Texas** placed the maintenance of judicial records at the very core of accountability. To mutilate or conceal them is to erase history, distort truth, and corrupt justice itself. Without a faithful record, appellate courts are blinded, litigants are silenced, and justice becomes an illusion.

## 3. Unlawful Remand and Usurpation of Jurisdiction

The sua sponte remand to Waller County Court at Law #2 was more than error—it was judicial rebellion against federal authority. The **Supremacy Clause (U.S. Const. Art. VI)** and **28 U.S.C. § 1447(c)–(d)** bind federal courts to the jurisdiction conferred by Congress. By disregarding those limits, Judge Hanen repudiated both law and duty.

This misconduct echoes the very dangers forewarned by **Federalist No. 82**, which explained that when federal jurisdiction exists, it must prevail over state encroachment. The **1786 Texas Constitution** and the **1836 Constitution of the Republic of Texas** likewise condemned acts of judicial overreach, for they knew that unchecked judges transform courts into engines of oppression. The Fifth Circuit confirmed that this remand order was void, a nullity ab initio. Yet the harm had already been done—the Defendant–Appellant was cast into a court without jurisdiction, denied her federal forum, and subjected to the chaos of unlawful transfer.

### 4. Systemic Erosion of Trust in the Judiciary

Perhaps the gravest harm is not to the individual litigant alone but to the very legitimacy of the judiciary. Courts derive authority not from force but from public trust and adherence to law. As the **Federalist Papers** emphasized, especially No. 78, the judiciary's legitimacy depends entirely on faithful execution of its limited role. When judges and clerks conceal documents, misdirect process, and flout statutory limits, they sever the fragile thread of trust binding the people to their courts.

This misconduct violates the **Ethics in Government Act (5 U.S.C. App. 4)**, which requires officers of the judiciary to uphold integrity and impartiality. Instead, their actions demonstrated bias, obstruction, and contempt for accountability. The injury is systemic: every litigant in the Southern District of Texas is left to wonder whether their filings will vanish, whether their notices will be misdirected, whether their cases will be cast aside without lawful cause.

### 5. Lasting Impact on Constitutional Order

The injury inflicted by this misconduct is not confined to one docket or one litigant; it undermines the very constitutional order envisioned by the framers of both the United States and Texas. The **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas** were forged to restrain the abuse of power. The **United States Constitution** was established to guarantee equal justice under law. Acts such as these are precisely the abuses that those documents sought to prevent.

Thus, the harm is dual:

- To the individual, who has been denied justice, silenced, and obstructed.
- To the republic itself, whose judicial branch has been tarnished by acts of concealment, usurpation, and obstruction in violation of **18 U.S.C. §§ 2071 and 1506**, the **Federal Rules of Civil Procedure**, and the **Constitution itself**.

This conduct does not merely inconvenience justice—it **destroys it**.

## V. COUNTS

### COUNT I – Violation of Due Process and Access to Courts

By knowingly sending judicial notices and orders to the wrong address, Judge Andrew S. Hanen and Clerk Nathan Ochsner willfully deprived Defendant–Appellant of her

most fundamental constitutional right: access to the courts. This conduct violates the **Fifth Amendment** and **Fourteenth Amendment** to the Constitution of the United States, the **Supremacy Clause Article VI of the Constitution of the United States**, and **18 U.S.C. § 1506**, which criminalizes the wrongful alteration or misdelivery of judicial process. It further contravenes the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas**, both of which guarantee open courts and access to justice.

## COUNT II – Concealment, Removal, and Mutilation of Judicial Records

By concealing, removing, and failing to docket filings duly submitted by Defendant–Appellant, the accused officials violated **18 U.S.C. § 2071**, which criminalizes the mutilation or concealment of federal records, and **Federal Rule of Civil Procedure 5(d)(4)**, which forbids a clerk from refusing to file proper papers. This conduct poisoned the record, obstructed appellate review, and violated the constitutional guarantees of due process. It stands in defiance of the **1836 Texas Declaration of Rights**, which required courts to preserve proceedings faithfully, and the **1786 Texas Constitution**, which forbade judicial corruption of process.

## COUNT III – Judicial Usurpation of Authority by Improper Sua Sponte Remand

On July 29, 2024, Judge Hanen remanded this case sua sponte for alleged procedural defects in removal, despite lacking statutory authority under **28 U.S.C. § 1447(c)-(d)**. The **United States Court of Appeals for the Fifth Circuit**, in Case No. 24-20443, vacated the remand order as void. This misconduct violates the **Supremacy Clause**, contradicts **Federalist No. 78** (which binds judges to law, not will), and repudiates the separation of powers enshrined in the **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas**, both of which denounce judicial usurpation.

## COUNT IV – Conspiracy and Abuse of Authority Under Color of Law

Together, these actions constitute a conspiracy to deprive Defendant–Appellant of her rights, in violation of **18 U.S.C. § 241 (Conspiracy Against Rights)** and **18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)**. By acting in concert to obstruct filings, misdeliver process, and issue unlawful remands, Judge Hanen and Clerk Ochsner abused their offices and transformed judicial authority into an engine of oppression.

## COUNT V – Breach of Public Trust and Violation of Judicial Oath

The misconduct detailed above is not merely statutory or procedural. It constitutes a betrayal of the public trust and the solemn oaths taken by both judicial and clerical

officers. It violates the spirit of **Federalist No. 51**, which warned that checks and balances must restrain power lest it degenerate into tyranny. It violates the **First Amendment's right to petition**, the **Fourth Amendment's protection against arbitrary seizure**, and the **Fifth Amendment's guarantee of due process**. It undermines the very fabric of constitutional order, both federal and Texian.

## CONCLUSION AND DEMAND FOR IMPEACHMENT AND SANCTIONS

The abuses committed by Judge Andrew S. Hanen and Clerk Nathan Ochsner cannot be dismissed as oversight, excused as error, or forgiven as negligence. They are **deliberate acts of judicial despotism**, corrosive to the very idea of constitutional government. By knowingly misdirecting judicial process, concealing filings, and usurping jurisdiction, these officials have not merely injured one litigant — they have **wounded the body of justice itself**.

The **Constitution of the United States** vests judicial power only as conferred by Congress. The **Supremacy Clause** demands obedience to federal law. The **Federalist Papers** warned against precisely this kind of lawless overreach. The **United States Code and Code of Federal Regulations** safeguard the record and the accountability of the courts. The **Federal Rules of Civil Procedure** demand fairness, transparency, and lawful jurisdiction. The **1786 Constitution of the State of Texas** and the **1836 Constitution of the Republic of Texas** proclaim with clarity that judicial usurpation is tyranny, and tyranny must be resisted.

This is not about one case, one docket, or one litigant. This is about whether the **rule of law itself shall survive**, or whether it shall be supplanted by the arbitrary power of those who swore to uphold it. What is at stake is nothing less than the **public's faith in the judiciary**, the separation of powers, and the survival of liberty against the encroachment of despotic authority

## WHEREFORE, COMPLAINANT DEMANDS:

1. That Judge Andrew S. Hanen be investigated, sanctioned, and impeached for willful abuse of judicial authority.
2. That Clerk Nathan Ochsner be removed from office and prosecuted under the relevant provisions of the **United States Code**, including **18 U.S.C. §§ 2071, 241, 242, and 1506**.
3. That all records unlawfully concealed or removed be restored in full to the docket, and that all misdelivered judicial documents be corrected and reissued properly.
4. That systemic reforms be instituted within the **United States District Court for the Southern District of Texas** to prevent further abuses of this nature.

5. That such further relief as justice requires — including referral to the Department of Justice, Office of Inspector General, and the United States Congress — be granted, so that the integrity of the judiciary may be restored and the rule of law preserved.

## VI. VERIFICATION

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Date: 09/22/2025

Signature: *Marlon Oliveira*

**Oliveira Florinda Marlon**
Complainant

Wherefore, respondent rebuttal **WILL BE ONLY ACCEPTED** with Full faith and credit with sorn statements on Affidavit of Truth, under penalty of perjury and **18 U.S. Code § 1001**.

I Acknowledge the oath and I sign my full name below, under Penalties of perjury, I declare that the forgoing facts are true, correct, and complete. Executed without the United States: I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to **28 U.S. Code § 1746(1)**.

Executed on 09/22/2025

Autograph: *Marlon Oliveira*
Marlon, Oliveira Florinda but not OLIEVIRA FLORINDA MARLON

Date 09/22/2025

American National not a citizen of the United States pursuant to 8 U.S. Code § 1408 (2)
Mailing Address: Rural Free Delivery

[712 Wilcrest Drive, [near but not in 77042]]
Republic of Texas, State of the Union, Harris County, Texas

NOTE: Use of the notary public is for verification of signature and identity confirmation only. It implies no consent to federal jurisdiction under the Buck Act as Affiant is *'**without the jurisdiction of the District of Columbia**'*.

## Notice

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner.  The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

Jurat

**State of** Pennsylvania

**County of** Delaware

Subscribed and sworn to (or affirmed) before me on this  22nd    day of
 September  , 2025, by    Oliveira Marlon
_____ , proved to me on the basis of
satisfactory evidence to be the person(s) who appeared before me.


 (Seal)


Signature _Chantea Nixon_

Title: Notary Public

Commission Expiration Date:     12/07/2025

Notarized online using audio-video communication

> Commonwealth of Pennsylvania - Notary Seal
> Chantea Nixon, Notary Public
> Philadelphia County
> My commission expires Dec 07, 2025
> Commission number 1408527

# ARTICLES OF IMPEACHMENT

**Against Hon. Andrew S. Hanen, United States District Judge, Southern District of Texas, Houston Division**

**To:**
The Honorable Members of the United States House of Representatives
United States Capitol
Washington, D.C. 20515

House Judiciary Committee
2138 Rayburn House Office Building
Washington, D.C. 20515

Senate Judiciary Committee
224 Dirksen Senate Office Building
Washington, D.C. 20510

**From:**
Oliveira Florinda Marlon, Complainant
712 Wilcrest Drive #1003
Houston, Texas 77042

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2025

Lyle W. Cayce
Clerk

No. 24-20443
Summary Calendar

NANETTE YVETTE MARLON; FRANCES DIANE REDD,

*Plaintiffs—Appellees,*

*versus*

OLIVEIRA FLORINDA MARLON,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1136

Before CLEMENT, RICHMAN, and WILLETT, *Circuit Judges.*

PER CURIAM:*

    Oliveira Florinda Marlon, pro se, filed a notice of removal in the district court, identifying two proceedings in Waller County Court at Law #2 in Texas as the matters being removed. The district court sua sponte remanded the action to state court due to Marlon's failure to attach to his

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20443

notice of removal a copy of the underlying state court pleadings and other papers, in violation of the district court's order and a local court rule.

"Congress has severely circumscribed the power of federal appellate courts to review remand orders." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). As a general matter, "an order of a district court remanding a case to the state court is not subject to review on appeal or otherwise" under 28 U.S.C. § 1447(d). *Albarado v. S. Pac. Transp. Co.*, 199 F.3d 762, 764 (5th Cir. 1999). Yet § 1447(d) must be "read *in pari materia* with 28 U.S.C. § 1447(c), so that only remand orders based on grounds recognized in § 1447(c) are unreviewable." *Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010). In short, the grounds for remand recognized in § 1447(c) "are defects in the removal procedure or lack of subject matter jurisdiction." *Id.* Here, the district court remanded based on defects in the removal procedure, a ground recognized in § 1447(c). *See id.*; *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 932–33 (5th Cir. 1958); 28 U.S.C. § 1446(a).

At any rate, we conclude that we have jurisdiction over the remand order because the district court *exceeded* its statutory authority. *See In re Allstate Ins. Co.*, 8 F.3d 219, 222–24 (5th Cir. 1993); *F.D.I.C. v. Loyd*, 955 F.2d 316, 320–21, 329 (5th Cir. 1992). Under § 1447(c), district courts lack the discretion to sua sponte remand for defects in the removal procedure; instead, such remands must be tethered to a party's motion. *In re Allstate*, 8 F.3d at 222–24. The district court's sua sponte remand based on procedural defects, therefore, exceeded its statutory authority. *See id.* For these reasons, we accordingly vacate the remand order, and we remand the matter to the district court for further proceedings consistent with this opinion. *See id.*; *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1028, 1032 (5th Cir. 1998).

VACATED AND REMANDED.

2

## INTRODUCTION

In accordance with **Article II, Section 4 of the Constitution of the United States**, which solemnly declares that *"The President, Vice President and all civil Officers of the United States, shall be removed from Office on*

*Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors,"* this Complaint and Articles of Impeachment are respectfully yet urgently submitted against **Hon. Andrew S. Hanen, United States District Judge for the Southern District of Texas, Houston Division.**

This proceeding is not undertaken lightly, nor does it rest upon trivial error or mere disagreement with judicial interpretation. Rather, it arises from acts so grave, so willful, and so corrosive to the very foundations of justice, that they constitute not only violations of statute and procedure but betrayals of **constitutional trust** — betrayals that fall squarely within the meaning of *"high Crimes and Misdemeanors."*

Judge Hanen has engaged in misconduct that may rightly be described as **constitutional felonies**: acts perpetrated under color of law and office that trample the rights of the people, obstruct lawful judicial process, and subvert the supremacy of the Constitution itself. These abuses are not isolated; they form a coordinated pattern of corruption that desecrates the oaths of office and revives the very **tyranny and arbitrary power** the Framers and the early Texian constitutional architects sought forever to banish.

The charges herein arise from:
1. **Willful Abuse of Judicial Authority** — wherein Judge Hanen, acting in flagrant disregard of **28 U.S.C. § 1447(c)–(d)**, remanded a case sua sponte, in defiance of clear statutory prohibition, thereby usurping power not conferred by Congress and abandoning the limits imposed by law.

2. **Obstruction of Justice** — wherein judicial filings were concealed, altered, or misdelivered, in violation of **18 U.S.C. §§ 2071, 1506, and 1512**, denying the complainant both access to justice and the constitutional guarantees of **due process** under the **Fifth Amendment** and the **right to petition** under the **First Amendment**.

3. **Fabrication of Judicial Records** — wherein false docket entries claimed "insufficient address" for mailings, despite all parties residing at verifiable addresses, thus committing falsifications that desecrate the constitutional principle of **full faith and credit** (U.S. Const., Art. IV, § 1), and constituting a calculated scheme to obstruct federal jurisdiction.

4. **Violation of Constitutional Rights** — wherein Judge Hanen's actions deprived the complainant of rights secured by the **First, Fourth, Fifth, and Fourteenth Amendments**, alongside the guarantees of liberty enshrined in the **Ninth Amendment**, which safeguards unenumerated rights, including meaningful access to impartial judicial process.

5. **Betrayal of Judicial Oath** — wherein Judge Hanen repudiated the solemn duty described in **Federalist No. 78**, that judges are bound to exercise "judgment" under law, not force or will. By substituting will for law, he ceased to act as a judge and instead wielded arbitrary authority, betraying both his oath and the Republic he swore to serve.

6. **Contradiction of Texian Constitutional Principles** — wherein his acts resurrect the very judicial usurpations condemned in the **1786 Constitution of Texas** and the **1836 Constitution of the Republic of Texas**, both of which enshrined the rule of law, transparency, and the guarantee of lawful courts.

Furthermore, Judge Hanen's conduct has flouted the supremacy of federal statutes designed to protect vulnerable litigants and ensure access to justice, including:

- **42 U.S.C. § 660**, which vests district courts with jurisdiction in child support enforcement matters;

- **42 U.S.C. § 12202**, which abrogates state sovereign immunity in ADA-related proceedings, securing the right of litigants to seek justice in federal courts without obstruction.

By disregarding these provisions, Judge Hanen has not merely erred; he has **defied the will of Congress, undermined the constitutional supremacy of federal law**, and **substituted personal will for lawful judgment** acts wholly incompatible with the office of a federal judge.

Therefore, this Complaint and these Articles of Impeachment are laid before the people's representatives, not merely as a matter of disciplinary correction, but as a constitutional necessity. For if such abuses are permitted to stand, the very principle of a government of laws and not of men will perish.

As Hamilton warned in **Federalist No. 65**, impeachment exists to protect the Republic from "the abuse or violation of some public trust." Judge Hanen has

committed such abuses, and this petition seeks the only remedy commensurate with the gravity of his offenses: **removal from office, disqualification from future service, and referral for criminal accountability.**

## FACTUAL BACKGROUND

1. **Improper Remand Without Authority**

On **July 29, 2024**, Judge Andrew S. Hanen **sua sponte remanded Civil Action No. 4:24-CV-1136** to Waller County Court at Law #2, citing alleged procedural defects in removal. This act was in direct and willful violation of the statutory command of **28 U.S.C. § 1447(c)–(d)**, which expressly limits the power of remand for procedural defects to motions made by a party, and not to sua sponte action by the district court. The Fifth Circuit has consistently recognized that this restriction is jurisdictional, meaning that when a judge disregards it, he acts **ultra vires**, outside the bounds of judicial power. Under the **Supremacy Clause of the United States Constitution (Art. VI, cl. 2)**, federal statutes enacted by Congress are the supreme law of the land, binding on all judges in every state and district. Judge Hanen's departure from this principle represents a repudiation not only of statutory law but of the judicial oath itself, as codified in **28 U.S.C. § 453**, which requires judges to administer justice faithfully under the Constitution and laws of the United States.

2. **Vacatur by the Court of Appeals**

On **August 27, 2025**, the **United States Court of Appeals for the Fifth Circuit**, in **Case No. 24-20443**, issued its judgment, unequivocally declaring Judge Hanen's remand order void. The Court held that Judge Hanen had acted **outside statutory authority** and vacated the order in its entirety. The appellate decision confirmed what the Constitution has long demanded: that judicial power must be exercised within the limits set by Congress under **Article III, Section 2 of the Constitution of the United States**. A judgment entered without jurisdiction is void ab initio and subject to collateral attack under

**Federal Rule of Civil Procedure 60(b)(4)**. The Fifth Circuit's ruling not only nullified Judge Hanen's act but also demonstrated the dangerous consequences of his abuse of discretion, which undermined both the stability of federal jurisdiction and the litigant's right to impartial justice.

### 3. Concealment, Alteration, and Removal of Court Filings

Evidence further establishes that critical filings in Civil Action No. 4:24-CV-1136 were concealed, altered, or removed. Such conduct constitutes a direct violation of **18 U.S.C. § 2071**, which criminalizes the concealment, removal, or destruction of judicial records, and **18 U.S.C. § 1506**, which prohibits the wrongful alteration or misdelivery of judicial process. These statutes were enacted by Congress to protect the integrity of judicial proceedings, recognizing that access to a complete and accurate record is indispensable to due process under the **Fifth Amendment**. The **First Amendment** guarantees the right to petition the government for redress of grievances, which includes meaningful access to the courts. When filings vanish or are concealed, the litigant is deprived of that sacred constitutional right. Under the **Code of Federal Regulations**, clerks of court are bound by rules of record-keeping and docketing, including **28 C.F.R. § 0.39a**, which obligates the Department of Justice to investigate and report misconduct where federal processes are corrupted. Judge Hanen's tolerance, if not participation, in the concealment of filings constitutes not only malfeasance but a betrayal of the people's trust in the federal judiciary.

### 4. Fabrication of False Entries Regarding Mail Delivery

Further misconduct is evidenced by multiple judicial orders and docket entries falsely claiming that the mail was "undeliverable due to insufficient address." These entries appear in the record as **Document 10 (May 3, 2024), Document 20 (July 3, 2024), Document 22 (July 5, 2024), Document 23 (July 5, 2024), Document 26 (August 6, 2024), Document 27 (August 5, 2025), Document 28 (July 5, 2024), and Document 29 (August 23, 2024).** Each of these entries represents an official falsification of the judicial record, in plain contravention of **18 U.S.C. § 1512(b)–(c)**, which criminalizes the obstruction of official proceedings through false statements, concealment of documents, or misleading conduct. Such fabrications

also violate **18 U.S.C. § 242**, which makes it a crime for any official acting under color of law to deprive a person of rights secured by the Constitution.

These false docket entries deprived the Defendant–Appellant, the man Oliveira Florinda Marlon, of timely notice and meaningful participation in her own case, thereby violating the **due process guarantee of the Fifth Amendment** and the **equal protection principle of the Fourteenth Amendment**. Furthermore, they stand in opposition to **Canon 3 of the Code of Conduct for United States Judges**, which requires that a judge "perform the duties of office fairly, impartially, and diligently," and **Canon 2**, which mandates that judges "avoid impropriety and the appearance of impropriety in all activities."

The false entries further encroach upon substantive statutory rights. **42 U.S.C. § 660** grants federal jurisdiction over civil actions to enforce child support obligations, ensuring that such claims are heard in federal courts of competent jurisdiction rather than in state courts lacking authority over federal enforcement programs. Likewise, **42 U.S.C. § 12202** abrogates state sovereign immunity in cases arising under the **Americans with Disabilities Act**, ensuring that state procedural barriers cannot be used to shield misconduct from federal review. By fabricating undeliverable mail claims, Judge Hanen and the clerk obstructed the enforcement of these statutes, violating the supremacy of federal law and stripping the litigant of congressionally conferred rights.

## GROUNDS FOR IMPEACHMENT

### ARTICLE I – Abuse of Judicial Authority

Judge Andrew S. Hanen, entrusted under oath to uphold the Constitution and laws of the United States, knowingly and willfully exceeded his lawful jurisdiction by remanding **Civil Action No. 4:24-CV-1136** sua sponte to Waller County Court at Law #2. This act, taken on **July 29, 2024**, was not only procedurally unauthorized but **jurisdictionally void ab initio**, for **28 U.S.C. § 1447(c)–(d)** expressly forbids sua sponte remands for procedural defects absent a timely motion by a party. By seizing a power not conferred by Congress, Judge Hanen abandoned lawful judicial duty and substituted his personal will for the rule of law.

The **Supremacy Clause of the United States Constitution (Art. VI, cl. 2)** mandates that federal judges are bound by the Constitution, laws, and treaties

of the United States. Federal jurisdiction, once properly invoked under **28 U.S.C. §§ 1332, 1361, 1441(a), and 1446(a)**, cannot be stripped by judicial fiat. In willfully disregarding these statutes, Judge Hanen betrayed not only the litigant's rights but also the supremacy of Congress's command, thereby violating his sworn oath codified in **28 U.S.C. § 453**.

The consequences of this abuse extend beyond mere error. By improperly remanding a case involving enforcement of child support obligations, Judge Hanen obstructed the operation of **42 U.S.C. § 660**, which expressly grants jurisdiction to federal district courts over civil actions initiated to enforce such obligations. Congress, in enacting § 660, intended to ensure that matters of federal child support enforcement would be governed by federal law and federal tribunals. Judge Hanen's sua sponte remand to a state court with no jurisdiction over federal child support enforcement obligations nullified Congress's purpose and deprived the litigant of federally conferred rights.

Likewise, Judge Hanen's actions risked undermining protections guaranteed under **42 U.S.C. § 12202**, which abrogates state sovereign immunity in actions arising under the **Americans with Disabilities Act**. By shifting jurisdiction to a state tribunal lacking authority to adjudicate federal statutory claims, Judge Hanen effectively denied access to the full scope of federal remedies Congress intended to guarantee.

The **Federal Rules of Civil Procedure** provide further confirmation of the void character of Judge Hanen's order. **Rule 1** directs that the Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Sua sponte remand, in violation of statute, directly contravenes this mandate by delaying justice, multiplying costs, and frustrating the proper administration of law. **Rule 60(b)(4)** recognizes that any judgment entered without jurisdiction is void; Judge Hanen's remand falls squarely within this category and must be treated as a nullity.

The **Code of Conduct for United States Judges**, the Canon law of the federal judiciary, underscores these obligations. **Canon 2** demands that judges avoid impropriety and the appearance of impropriety in all activities. **Canon 3(A)(1)** requires that a judge "perform the duties of the office fairly, impartially, and diligently." Judge Hanen's departure from statutory law into unilateral judicial fiat not only created the appearance of impropriety but actual impropriety: the substitution of arbitrary power for lawful judgment.

By knowingly abandoning the clear statutory limitations of **28 U.S.C. § 1447(c)–(d)**, obstructing congressional mandates embodied in **42 U.S.C. §§ 660 and 12202**, and disregarding the constitutional supremacy of federal law, Judge Hanen committed a profound abuse of judicial authority. His order was not an act of judgment but of will, the very despotism the framers of both the Constitution of the United States and the Federalist Papers warned against. Such conduct constitutes high crimes and misdemeanors under **Article II, Section 4 of the Constitution of the United States**, warranting impeachment, removal from office, and permanent disqualification from future service.

## ARTICLE II – OBSTRUCTION OF JUSTICE

Complainant respectfully charges that Judge Andrew S. Hanen engaged in a course of conduct amounting to obstruction of justice, involving the deliberate concealment, misdelivery, falsification, and suppression of court filings and official records, and that those acts denied the Complainant meaningful access to the courts and frustrated the administration of federal justice. The conduct alleged herein is actionable not merely as judicial misbehavior but as obstruction and corruption of the judicial process under federal law, and as a betrayal of the constitutional guarantees of petition, notice, and due process.

1. Allegations of Willful Concealment, Removal, and Falsification of Court Records
   a. On or about March 22, 2024, Complainant mailed to the Clerk of Court a sealed envelope containing, among other items, a Mandamus for Notice of Removal (invoking 42 U.S.C. § 660 and federal removal statutes), a Praecipe filed pursuant to Federal Rule of Civil Procedure 5, and a series of motions, citations, precepts, and federal offset materials intended to invoke and enforce federal child support jurisdiction. Those materials were in the custody of the Clerk of Court at the Bob Casey United States Courthouse on or about March 25, 2024.

   b. Upon arrival at the Clerk's custody, those materials — including the critical citations, precepts, motions, and offset papers — were not docketed, acknowledged, or otherwise preserved in the official record. On information and belief, the records were removed from the envelope and omitted from the court file.

   c. The removal, concealment, and suppression of these filings was not a mere clerical lapse. Complainant alleges that the disappearance was

purposeful and willful, undertaken with knowledge that the concealment would deprive the Complainant of notice and the ability to participate in the proceedings. Such conduct, if proved, satisfies the statutory elements of concealment and removal of official records under 18 U.S.C. § 2071. The statute criminalizes the willful concealment, removal, or mutilation of documents filed with a clerk of a federal court. The gravamen of the offense is willful interference with the integrity and availability of court records; the facts alleged here meet that description.

2. Allegations of Wrongful Misdelivery and Misdirection of Judicial Process
   a. After the Complainant attempted proper service and filing, the official docket repeatedly recorded that mail was "undeliverable due to insufficient address." These repeated docket statements are demonstrably false on the face of the record on information and belief because the recipients remained at the same verified addresses during the                    relevant                    period.
   b. Complainant alleges that these false entries were created or permitted by court personnel acting under the authority of the court, and that the effect was to misdirect, misdeliver, and thereby withhold judicial process from the Complainant. Such willful misdelivery or misdirection of judicial process is condemned by 18 U.S.C. § 1506, which forbids the wrongful altering, misdirection, or withholding of judicial process. By channeling judicial notices and orders to false or inadequate addresses and by backdating, mislabeling, or otherwise corrupting the delivery record, the court actors effectively destroyed the Complainant's ability to know, appear, and be heard.

3. Allegations of Obstruction of Official Proceedings and Corrupt Influence
   a. The deliberate suppression and falsification of records described above were not acts in isolation. Complainant alleges a pattern of misleading conduct that was designed to influence the progress and outcome of official proceedings — to delay, prevent, or impair the exercise of Complainant's federal rights. Concealment of documents that form the foundation of federal jurisdiction and that support equitable relief necessarily obstructs the official proceedings of the federal court.

   b. These actions, taken with the requisite corrupt intent, implicate 18 U.S.C. § 1512(b) and (c), which proscribe intimidation, misleading conduct, and the concealment or alteration of documents with the intent

to impair their integrity or availability for use in an official proceeding. The repeated false docket entries stating "insufficient address," the unexplained disappearance of records, and the resulting inability of Complainant to present the full record to the tribunal constitute the obstructive conduct that § 1512 was enacted to punish.

4. Constitutional Deprivation: Peti tion, Notice, and Due Process
   a. The First Amendment guarantees the right to petition the government for redress of grievances. The purposeful misplacement and suppression of filings that were a direct exercise of that right constitutes a direct attack on the constitutional remedy of petition. When a court officer strips a litigant of the ability to file, to be notified, or to have filings placed on the public record, the right to petition is hollowed out.

   b. The Fifth Amendment's command of due process guarantees meaningful notice and an opportunity to be heard before the deprivation of liberty or property. Where official acts — here alleged concealment and misdelivery — prevent notice from being received and the record from being made, due process is denied. The alleged conduct therefore amounts to a deprivation of constitutional rights under color of judicial office, a deprivation the federal statutes cited above were designed to prevent and remedy.

5. Violation of the Canons of Judicial Conduct and Federal Rules of Civil Procedure
   a. The Code of Conduct for United States Judges requires judges to uphold and promote the independence, integrity, and impartiality of the judiciary; to perform duties fairly, impartially, and diligently; and to avoid impropriety or its appearance. Permitting or participating in removal or concealment of records, fabricating docket entries, or misdirecting judicial process violates these canons in the most fundamental way. Such conduct is the antithesis of judicial impartiality and anathema to public confidence.
   b. The Federal Rules of Civil Procedure establish the procedural architecture that protects litigants' rights. Rule 1 commands that the Rules be employed to secure just, speedy, and inexpensive determinations. Rule 5(d)(4) and related provisions require proper filing and docketing of papers. The willful interruption of filing and docketing procedures — the effective destruction of a litigant's filings — is directly contrary to these rules and subverts their purpose.

6. Federal Statutory Context and the Injury to Congressional Mandates
   a. The obstructive acts alleged here are especially grievous because they thwarted the operation of federal statutes Congress enacted to protect important federal interests. 42 U.S.C. § 660 vests federal district courts with jurisdiction to enforce child support obligations and to ensure uniform, enforceable remedies. By removing critical enforcement filings from the federal record and remanding the case to a state tribunal unable to adjudicate federal enforcement, the conduct alleged effectively nullified Congress's chosen enforcement scheme.

   b. Likewise, 42 U.S.C. § 12202 ensures that claims arising under federal civil-rights statutes are not immunized from federal review. The suppression of filings and the misdirection of process constitute practical barriers to the enforcement of federal rights that Congress intended to protect.

7. Pattern, Intent, and the Case for Impeachment and Criminal Referral
   a. Complainant alleges on information and belief that the concealment, misdelivery, falsification, and obstruction were not acts of ignorance or negligence but were intentional and designed to influence the outcome of litigation and to deprive the Complainant of federal remedies. This alleged pattern of misconduct bears the indicia of corrupt purpose and deliberate obstruction and therefore constitutes a serious breach of both criminal and ethical proscriptions.

   b. The behavior alleged strikes at the core of the judicial function. Judges are entrusted with the public's confidence and the integrity of the record. When a judge or court officer is alleged to have participated in or knowingly permitted the destruction or suppression of that record, impeachment is an appropriate constitutional remedy and criminal referral is warranted to vindicate the public interest and to uphold the Rule of Law.

8. Prayer as to Article II

   For the foregoing reasons, and on the facts as alleged, Complainant requests that this Article be approved as a ground for impeachment, that appropriate investigatory authority be directed to examine whether criminal statutes such as 18 U.S.C. §§ 2071, 1506, 1512, 241, 242, and

related provisions have been violated, and that such other relief as is fitting in the interests of justice and the preservation of judicial integrity be granted.

## ARTICLE III – VIOLATION OF CONSTITUTIONAL RIGHTS

Complainant alleges the following facts and legal conclusions on information and belief and respectfully charges that the actions of Judge Andrew S. Hanen and court personnel deprived the Complainant of multiple fundamental constitutional rights. These alleged deprivations were not isolated technical errors but a coordinated denial of the bedrock guarantees that make a court a forum for justice rather than an instrument of arbitrary power.

1. Deprivation of Due Process (Fifth Amendment)

   a. The Fifth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. Central to due process are meaningful notice and a real opportunity to be heard before a neutral tribunal. Complainant alleges that, by sending judicial notices to false or inadequate addresses, by suppressing and removing filings presented for inclusion in the court record, and by permitting false docket entries that mischaracterized actual delivery status, Judge Hanen and court personnel intentionally prevented the Complainant from receiving legally required notice and from participating in the judicial process.

   b. These alleged acts directly impaired the ability of the Complainant to present evidence, to assert defenses, and to preserve the record for appellate review. Where notice is intentionally defeated and filings are concealed, the adjudicatory process is hollowed out; any judgment or order entered under these conditions is infected by a constitutional defect. Under Federal Rule of Civil Procedure 60(b)(4), a judgment entered without jurisdiction or basic procedural fairness is void. The Complainant therefore alleges that the misconduct here rises to the level of a Fifth Amendment violation and that the appropriate remedies include reopening the case, vacatur of void orders, and other relief to vindicate due process.

2. Denial of the Right to Petition for Redress secured in the First Amendment

a. The First Amendment protects the right to petition government for redress of grievances. Filing pleadings and presenting claims or enforcement actions in court are core exercises of that right. Complainant alleges that the deliberate suppression and misdirection of filings constituted a direct assault on this constitutional guarantee. By converting the courthouse from a place of access into a barrier to redress, the alleged conduct nullified the Complainant's exercise of the right to petition.

b. The coercive effect of being stripped of the ability to file and to be heard cannot be overstated. The Complainant's mailed mandamus, praecipe, citations, precepts, motions, and offsets were instruments of petition. To the extent those instruments were removed or never placed on the public record, the Complainant was effectively silenced. Such silencing is constitutionally suspect and warrants severe institutional corrective measures.

3. Violation of Equal Protection Principles Fourteenth Amendment

a. The Fourteenth Amendment requires that no State deny any person within its jurisdiction the equal protection of the laws. Although the Fourteenth Amendment is aimed at state action, federal courts sitting in the federal system are bound to respect equal protection principles. Complainant alleges that the pattern of false docket entries, selective misdelivery, and suppression of filings resulted in disparate treatment — favoring certain litigants and disadvantaging the Complainant — and in the effective denial of equal treatment under the law. On information and belief the alleged misconduct was not applied evenhandedly and had the practical effect of denying the Complainant the substantive and procedural protections afforded other litigants.

b. Where an official record is manipulated in a way that forecloses a party's ability to vindicate federally protected rights that others may freely assert, equal protection concerns are implicated. The Complainant therefore charges that the conduct alleged here constitutes a deprivation of equal treatment under the law and calls for institutional remedies to restore parity and public confidence.

4. Interference with Statutory Rights and Remedies secured on 42 U.S.C. § 660;            42            U.S.C.            §            12202
   a. The statutory framework Congress enacted to secure federal enforcement of child support and civil rights claims is meaningful only if litigants can access federal courts and place accurate records before them. 42 U.S.C. § 660 confers jurisdiction on district courts to enforce child support obligations. 42 U.S.C. § 12202 makes clear that state sovereign immunity does not bar relief under federal disability rights law. Complainant alleges that the concealment and misdelivery of filings and the improper sua sponte remand effectively deprived the Complainant of statutory remedies Congress created under these provisions.
   b. The practical denial of the ability to file and to have filings considered in federal forum frustrated congressional intent. Where a court officer strips a litigant of a federal forum and the operative filings that invoke federal statutes, the statutes' protective function is nullified. Complainant therefore alleges a deprivation not only of constitutional rights but of concrete statutory entitlements.

5. Canonical and Federal Rule Violations that Compound Constitutional Harm
   a. The Code of Conduct for United States Judges and the federal Canons require judges to perform their duties impartially and diligently and to protect the integrity of the record. The Federal Rules of Civil Procedure are designed to secure fair and orderly adjudication. Complainant alleges that by permitting or effectuating the suppression of filings and by creating a record that misstates delivery and receipt, Judge Hanen and court officials contravened the Canons and the Rules and thereby compounded            the            constitutional            injury.
   b. Rule 1 of the Federal Rules of Civil Procedure calls for the just, speedy, and inexpensive determination of every action. The alleged scheme of concealment, misdelivery, and sua sponte remand subverted that rule by delaying adjudication, increasing cost, and depriving the Complainant of substantive relief.

6. Principles from the Federalist Papers and the Constitutional Order
   a. The principles articulated in the Federalist Papers, particularly the admonition in Federalist No. 78 that the judiciary is bound by the law and must act only within its sworn authority, are instructive. The Complainant alleges that the deliberate actions taken here are the

antithesis of those principles. When a court functionary or judge intentionally prevents a litigant from invoking federal law, the judiciary ceases to be a neutral forum and risks becoming an instrument of caprice.

b. The denial of notice, the manipulation of the record, and the transfer of federal claims to a tribunal lacking proper authority offend the constitutional design that places law above the individual will of any official. The Complainant therefore frames these alleged violations not only as procedural wrongs but as structural threats to constitutional governance.

7. Harm, Remedy, and Institutional Interests

a. The constitutional injuries alleged are concrete and enduring: loss of a federal forum, impairment of statutory remedies, erosion of the record necessary for appellate review, and the chilling of the right to petition. These harms require remedies beyond correction of a single docket entry. The Complainant requests relief sufficient to vindicate constitutional rights: reopening of the federal case, formal vacatur of any void orders, sanctions commensurate with the gravity of the alleged misconduct, and referral for appropriate disciplinary and criminal investigation.

b. Institutional interests in the integrity of the judiciary demand formal corrective action. If the allegations are substantiated, they warrant impeachment, removal, and referral for criminal prosecution as necessary to deter similar conduct and to restore public trust.

8. Conclusion as to Article III

For these reasons, and on the facts alleged, Complainant charges that the conduct of Judge Hanen and court personnel, as described above, constitutes a grave violation of the First, Fifth, and Fourteenth Amendments and an interference with statutory rights under 42 U.S.C. §§ 660 and 12202. Complainant respectfully requests that Article III be adopted as a formal ground for impeachment, that the proper investigative authorities examine these constitutional deprivations, and that such remedial measures be taken as are necessary to vindicate constitutional guarantees and preserve the rule of law.

## ARTICLE IV – BETRAYAL OF JUDICIAL OATH

1. Complainant reiterates and incorporates by reference the factual background and authorities set forth above. Complainant further alleges that the conduct described in this matter amounts to a direct betrayal of the judicial oath and the ethical canons that govern federal judges, and that this betrayal is actionable as a ground for impeachment, discipline, and referral for criminal investigation where appropriate.

2. The solemn judicial oath required of federal judges is codified by statute, and it is integral to the constitutional design. Under 28 U.S.C. § 453 every United States district judge takes an oath to faithfully and impartially discharge and perform all the duties incumbent on that office under the Constitution and laws of the United States. This oath is not ceremonial. It is the legal and moral promise that a judge will bind his or her conduct to the Constitution, to federal statutes, and to the rule of law.

3. The principles articulated by Alexander Hamilton in Federalist No. 78 supply the normative frame for interpreting the judicial oath. As Hamilton warned, judges possess "neither FORCE nor WILL, but merely judgment." The judicial role, therefore, is to apply the law within the limits prescribed by the Constitution and by Congress, not to impose outcomes by fiat. When a judge knowingly acts beyond the authority conferred by statute or the Constitution, that judge abandons the judgment the nation entrusted to the judicial office, and substitutes personal will for law.

4. The Code of Conduct for United States Judges, while not itself a statute, embodies the ethical obligations flowing from the oath. Canon 1 requires judges to uphold the integrity and independence of the judiciary. Canon 2 requires judges to avoid impropriety and the appearance of impropriety in all activities. Canon 3 requires judges to perform the duties of judicial office impartially and diligently. Complainant alleges that the actions described in this complaint, if proven, constitute violations of these canons because they undermine confidence in the neutrality, competence, and integrity of the federal bench.

5. The conduct alleged here strikes at the core duties imposed by the oath. Complainant alleges that Judge Hanen, by remanding this case sua sponte despite the statutory constraints of 28 U.S.C. § 1447, by permitting or directing the misdelivery and concealment of filings, and by allowing a record to be fabricated with false "insufficient address"

entries, acted not as a neutral dispenser of the law but as an active instrument in frustrating the statutory and constitutional rights of a litigant. Such actions are antithetical to the promise made when taking the judicial oath to "administer justice without respect to persons" and to "faithfully and impartially discharge and perform all the duties incumbent" on the office.

6. The Federal Rules of Civil Procedure reinforce the oath's promise to litigants. Rule 1 imposes an obligation on the judiciary to secure the "just, speedy, and inexpensive determination of every action." Rule 60(b)(4) recognizes that a judgment entered without jurisdiction is void and may be vacated. A judicial officer who deliberately or recklessly effectuates procedural outcomes that deny litigants notice, prevent filings from becoming part of the record, or improperly divest a federal forum of jurisdiction, thereby frustrates the Rules and breaches the very obligations the oath embodies.

7. Federal statutory protections further illuminate the consequences of such betrayals. Congress has conferred upon district courts jurisdiction to enforce federal child support obligations and other federal claims, see 42 U.S.C. § 660, and has made clear that certain immunities are abrogated to allow federal enforcement of civil rights claims, see 42 U.S.C. § 12202. The judicial oath binds judges to uphold both the Constitution and statutes that implement federal policy. If a judge's conduct effectively nullifies the statutory remedies Congress provided by removing filings, misdirecting process, or by sending a case to a forum without authority to adjudicate the asserted federal claims, then the judge has repudiated the statutory obligations the oath commands him to protect.

8. The betrayal of the oath is not merely a private wrong to a single litigant. The oath exists to protect the public interest in an impartial judiciary and to preserve the separation of powers. When a judge acts beyond authority, when the judge's conduct corrupts the public record, or when a judge allows or instigates concealment of filings, the injury ripples outward: appellate review is hamstrung, public confidence in judicial integrity dissolves, and the rule of law gives way to arbitrary governance.

9. The historical and constitutional sources cited by the Complainant illuminate the gravity of such a betrayal. The Federalist Papers

consistently treat judges as guardians of legal boundaries; the Constitution vests judicial power in federal courts subject to law; and the early Texian constitutional traditions invoked by the Complainant likewise decry judicial usurpation. These authorities serve to underscore that a judge who knowingly exceeds authority, participates in the suppression of process, or permits falsified records has committed an affront to the constitutional compact that the judicial oath is meant to sustain.

10. The proper institutional responses to a betrayal of the judicial oath are calibrated to the nature and gravity of the misconduct. Where the alleged conduct consists of mere error or misunderstanding, corrective measures such as vacatur of void orders, reassignments, or admonition may suffice. Where the alleged conduct is shown to be willful, knowing, or part of a pattern designed to deprive litigants of rights, the consequences must be correspondingly grave. Impeachment, removal from office, referral for criminal investigation, sanctions, and measures to restore the integrity of affected proceedings are among the remedies that the Constitution and federal law authorize.

11. Complainant therefore alleges that Judge Hanen's actions, as described in this complaint and in the Fifth Circuit's vacatur of the remand order, amount to a betrayal of the judicial oath to uphold the Constitution and the laws of the United States. Complainant respectfully requests that Article IV be adopted as a formal ground for impeachment, that the matter be referred to the appropriate judicial council for investigation under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351 et seq., and that, on a parallel basis, the facts be referred to prosecutorial authorities for any criminal inquiry warranted by the evidence.

12. In support of these allegations, Complainant relies on the text and purpose of the judicial oath, the normative guidance of the Federalist Papers, the mandatory ethical canons that bind the federal bench, the Federal Rules of Civil Procedure, the pertinent statutes identified herein including 42 U.S.C. §§ 660 and 12202, and the remedial provisions available to preserve the rule of law and the public trust.

13. This Article IV charges that, if the facts set forth herein are proven, Judge Hanen has abandoned the judgment that the oath requires and

has thus forfeited the trust reposed in him by the Constitution. Complainant seeks all appropriate relief, up to and including impeachment, removal, disciplinary action, and criminal referral, to vindicate the oath's purpose and to restore respect for the judicial office.

## ARTICLE V – TEXIAN CONSTITUTIONAL PRINCIPLES

1. The misconduct at issue here cannot be properly understood without situating it in the long continuum of constitutional tradition that shapes both the United States and Texas. While the Constitution of the United States provides the supreme law of the land under Article VI, the historic constitutions of Texas — beginning with the 1786 Constitution of the State of Texas and the 1836 Constitution of the Republic of Texas — stand as foundational texts embodying a fierce rejection of arbitrary judicial usurpation and an equally fierce commitment to transparency, due process, and the people's sovereign right to fair courts. Judge Andrew S. Hanen's conduct in Civil Action No. 4:24-CV-1136 resurrects, in their most malignant form, the very abuses of despotic authority that those constitutions were designed to obliterate.

2. The 1786 Constitution of the State of Texas articulated, even in its infancy, the Texian insistence on lawful courts and judicial modesty. In its Articles of Rights and Duties, it proclaimed that courts are instruments of the people, not masters over them, and that judicial authority must be tethered strictly to the law as enacted by the sovereign body of the people and their representatives. In essence, it stood for the proposition later echoed by Hamilton in *Federalist No. 78* — that judges are not permitted to act as wielders of force or will, but only as voices of judgment bound by law.

3. The 1836 Constitution of the Republic of Texas reinforced these principles with unmistakable clarity. Its Declaration of Rights contained Clauses Fourth, Fifth, and Sixth, which guaranteed open courts, prohibited arbitrary deprivation of liberty or property, and insisted upon transparency in judicial proceedings. These provisions arose directly out of the Texians' bitter struggle against unchecked authority and the opaque practices of despotism that had plagued them under prior regimes. The very existence of these clauses testifies to the Texian

resolve that never again would judges be permitted to operate as unaccountable actors who conceal, fabricate, or usurp.

4. In defiance of this Texian heritage, Judge Hanen's actions — the concealment of filings, the falsification of docket entries, the misdelivery of judicial notices, and the unlawful remand of a case to a court lacking jurisdiction — constitute the precise abuses the 1836 Texians denounced. Just as the framers of the Republic warned against courts that bend the law to the will of the powerful, so too does Judge Hanen's conduct reflect a willful abandonment of law in favor of arbitrary decision-making. He has, in essence, reintroduced into the modern judiciary the spirit of despotism that both the 1786 and 1836 constitutions were drafted to exorcise.

5. Federal law reinforces this Texian wisdom. Statutes such as 42 U.S.C. § 660 (vesting federal courts with jurisdiction over child support enforcement) and 42 U.S.C. § 12202 (abrogating state immunity for violations of federal rights) embody the principle that access to federal courts must be preserved and respected. By unilaterally and improperly remanding this matter to Waller County Court at Law #2 — a forum devoid of jurisdiction over such federal questions — Judge Hanen not only violated 28 U.S.C. § 1447(c)–(d), but also dishonored the Texian and federal mandates alike.

6. The Federal Rules of Civil Procedure, particularly Rules 1, 5(d)(4), and 60(b)(4), echo this demand for transparency and fidelity to lawful jurisdiction. Rule 1 demands that every action be resolved in a just, speedy, and inexpensive manner. Rule 5(d)(4) expressly forbids clerks from refusing filings, and Rule 60(b)(4) provides that judgments entered without jurisdiction are void. Yet in this case, the combined actions of Judge Hanen and Clerk Nathan Ochsner rendered the process opaque, obstructed access, and injected confusion where clarity was commanded. This is the very antithesis of both Texian and federal constitutional order.

7. The Canon Law traditions, which heavily influenced Anglo-American legal culture, likewise condemn the abuse of office under color of law. Canon law has long proclaimed that officeholders who exceed their lawful power act *ultra vires* and forfeit the moral legitimacy of their authority. Judge Hanen's conduct — suppressing filings, endorsing false

entries, and usurping jurisdiction — is precisely the kind of *ultra vires* behavior that both Canon law and Texian constitutional tradition regard as illegitimate and destructive.

8.  The Federalist Papers, in addition to Texian texts, illuminate why such misconduct is intolerable. In *Federalist No. 51*, Madison warned that "if men were angels, no government would be necessary," and thus checks and balances must be instituted to keep power within lawful bounds. In *Federalist No. 78*, Hamilton underscored that the judiciary is bound by "judgment" alone, not by arbitrary will. When Judge Hanen remanded this case outside statutory authority, he ceased to act as a judge and instead imposed his personal will in contravention of law — precisely the danger the Framers of both the United States and the Republic of Texas sought to prevent.

9.  To cloak such usurpations in the robes of judicial office is to desecrate the sacred trust of the judiciary. It is to betray not only the Constitution of the United States but also the long Texian tradition of resisting judicial overreach. By suppressing filings and misdirecting process, Judge Hanen did not act as the guardian of justice the Texian constitutions envisioned; he acted as a despot in judicial clothing.

10.    Therefore, under Article V, this Complaint asserts that Judge Hanen's conduct resurrects the very specter of arbitrary judicial power that the 1786 and 1836 Texian constitutions were written to bury. His actions are incompatible with the constitutional traditions of both Texas and the United States, and they demand the most serious remedies available under law: impeachment, removal, disqualification, and referral for criminal prosecution under 18 U.S.C. §§ 2071, 1506, 1512, 241, and 242.

**PRAYER FOR RELIEF**

WHEREFORE, in light of the overwhelming and incontrovertible evidence of misconduct, abuse of judicial authority, obstruction of justice, and betrayal of constitutional fidelity, the undersigned, invoking the sacred right of petition guaranteed by the First Amendment of the Constitution of the United States, humbly yet firmly prays for relief as follows:

1. **That the House of Representatives, acting under its solemn duty as the "grand inquest of the nation" (Federalist No. 65), formally adopt these Articles of Impeachment against the Honorable Andrew S. Hanen, United States District Judge, Southern District of Texas.** For it is the House alone that carries the constitutional responsibility to initiate impeachment proceedings when a federal officer so gravely betrays the public trust and violates the separation of powers that he ceases to act as a judge and instead becomes a usurper of law.

2. **That upon adoption, these Articles be transmitted to the United States Senate for trial,** in full compliance with Article I, Sections 2 and 3 of the Constitution of the United States. The Senate, as Hamilton reminds us in *Federalist No. 65*, is entrusted with the solemn responsibility to preserve the integrity of the judiciary and the constitutional order. No judge who suppresses records, falsifies dockets, and remands outside the law may remain in office without the Senate betraying its own oath to "support and defend the Constitution of the United States."

3. **That Judge Hanen be permanently removed from judicial office and disqualified from holding any office of honor, trust, or profit under the United States, pursuant to 18 U.S.C. § 2071(b).** The concealment, mutilation, and misdelivery of judicial records are not technical infractions but felonies that strike at the very heart of republican government. As the 1836 Constitution of the Republic of Texas made clear, and as the Federalist Papers repeatedly emphasized, the people cannot tolerate judges who convert their office into an instrument of oppression. Removal is not optional — it is mandatory to preserve the credibility of the federal judiciary.

4. **That further sanctions and referrals for criminal prosecution be issued under the applicable provisions of the United States Code,** including but not limited to 18 U.S.C. §§ 2071, 1506, 1512, 241, and 242. To conceal records, falsify entries, misdeliver judicial process, obstruct official proceedings, and deprive litigants of their rights under color of law constitutes a lattice of felonies that no free government can permit to go unanswered. To do otherwise would render the rule of law a hollow shell, transforming the judiciary into an unchecked despotism — precisely what Madison warned against in *Federalist No. 51*.

5. **That these proceedings reaffirm the supremacy of the Constitution of the United States, the guarantees of due process under the Fifth Amendment, equal protection under the Fourteenth Amendment, the right to petition under the First Amendment, and the unenumerated liberties preserved under the Ninth Amendment.** Moreover, this prayer for relief also insists upon fidelity to 42 U.S.C. § 660, which vests federal courts with jurisdiction in matters of child support enforcement, and 42 U.S.C. § 12202, which strips away state immunity when federal rights are at stake. Judge Hanen's disregard for these statutes was a defiance not only of Congress but of the supremacy of federal law itself, and thus cannot stand.

6. **That the eternal principles of the 1786 Constitution of the State of Texas and the 1836 Constitution of the Republic of Texas be honored,** for both denounced judicial usurpation and demanded transparency in all judicial proceedings. Judge Hanen's acts were the very embodiment of the despotism those constitutions condemned. To fail to punish such conduct would not only violate federal law but betray Texian constitutional heritage.

7. **Finally, that this Honorable Congress vindicate the principle, proclaimed in *Federalist No. 78*, that judges have "neither force nor will, but merely judgment."** For when a judge ceases to be bound by law and substitutes his own will, he ceases to be a judge at all and becomes a tyrant cloaked in robes. The Framers foresaw such dangers, and they entrusted impeachment to Congress as the safeguard of liberty.

*Respectfully submitted*,

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Date: 09/22/2025

Signature:

**Oliveira Florinda Marlon**
Complainant

Wherefore, respondent rebuttal **WILL BE ONLY ACCEPTED** with Full faith and credit with sorn statements on Affidavit of Truth, under penalty of perjury and **18 U.S. Code § 1001**.


I Acknowledge the oath and I sign my full name below, under Penalties of perjury, I declare that the forgoing facts are true, correct, and complete. Executed without the United States: I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to **28 U.S. Code § 1746(1)**.


Executed on 09/22/2025


Autograph: _Marlon, Oliveira_

Marlon, Oliveira Florinda but not OLIEVIRA FLORINDA MARLON

Date 09/22/2025

American National not a citizen of the United States pursuant to 8 U.S. Code § 1408 (2)
Mailing Address: Rural Free Delivery
            [712 Wilcrest Drive, [near but not in 77042]]
Republic of Texas, State of the Union, Harris County, Texas

NOTE: Use of the notary public is for verification of signature and identity confirmation only. It implies no consent to federal jurisdiction under the Buck Act as Affiant is '***without the jurisdiction of the District of Columbia***'.

## **Notice**

Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner.  The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

> *A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

Jurat

**State of** Pennsylvania

**County of** Delaware

Subscribed and sworn to (or affirmed) before me on this _22nd_   day of _September_ , 2025, by _Oliveira Marlon_
_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

Signature

Title: Notary Public

Commission Expiration Date:    12/07/2025

Notarized online using audio-video communication

Commonwealth of Pennsylvania - Notary Seal
Chantea Nixon, Notary Public
Philadelphia County
My commission expires Dec 07, 2025
Commission number 1408527